Sylvia Diann FRANKLIN, Appellant,

v.

SHERMAN INDEPENDENT SCHOOL DISTRICT, Appellee.

Sylvia Snipes, Appellant,

v.

Housley Communications, Inc., Appellee.

William Giddens, d/b/a William's Welding and Lee Wells, d/b/a Lee's Welding, Appellants,

v.

A & J Industrial Coating, Inc., Appellee.

Richard Patterson, Appellant,

v.

City of Denison, Texas, Appellee.

Nos. 05–00–00484–CV to 05–00–00487–CV.

Court of Appeals of Texas, Dallas.

April 16, 2001.

---

Ronald Huff, Sherman, for appellant.

James C. Tidwell, Wolfe, Clark, Henderson & Tidwell, L.L.P. Sherman, James A. Carter, San Angelo, Alfred K. Zaituulala, A.J. Industrial Coating, Inc., Fort Worth, Strasberger & Price, L.L.P., Dallas, for appellee.

Before Justices LAGARDE, FITZGERALD, and MARTIN RICHTER.

## OPINION

PER CURIAM.

Each of these appeals challenges the trial court's dismissal of the case for want of prosecution without providing notice of or conducting a hearing prior to dismissal. Appellants have filed nearly identical briefs in each case. As asserted in each case, appellants (plaintiffs below) argue in two points of error that the trial court violated rule 165a of the Texas Rules of Civil Procedure by dismissing the cases without first providing notice of and conducting a hearing and further erred in failing to reinstate the cases after violation of the rule was brought to the court's attention. In the interest of judicial economy, we issue this per curiam opinion for all four cases. In each case, we affirm the judgment of the trial court.

The facts are identical in each case. After the case had been pending for well over a year,[1] the county clerk forwarded the following notice to the attorneys of record:

The above referenced cause of action is subject to dismissal for want of prosecution pursuant to Rule 165a of the Texas Rules of Civil Procedure.

A motion to retain showing good cause for the case to be maintained on the Court's docket must be filed with the Court not later than December 14, 1999, and will be considered by submission. If no motion to retain is timely filed, the above-referenced cause will be dismissed on December 15, 1999.

None of the parties filed a motion to retain in response to the clerk's letter. Instead, on December 14 plaintiffs' counsel forwarded letters to the court requesting that the cases be set for trial. On December 15, the court dismissed the cases for want of prosecution. The order of dismissal in each case states: "This case, heretofore placed on the Dismissal Docket and in accord with an Order of this Court on the 15 day of December, 1999, is hereby ORDERED DISMISSED."

Thereafter, plaintiffs' counsel filed a verified motion to reinstate each case. On January 31, 2000, the trial court held a hearing on the motions to reinstate and denied them.[2]

■ In their first point of error, appellants contend the trial court committed reversible error by dismissing the cases without first providing notice of and conducting a hearing as required by rule 165a of the Texas Rules of Civil Procedure. We disagree.

In relevant part, rule 165a provides:

**Dismissal for Want of Prosecution**

1. **Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dis-

---

1. The age of the cases ranged from one year and eight months to two years and six months.

2. The appellate record includes a reporter's record of the hearings on appellants' motions to reinstate only in cause numbers 05–00–00484–CV and 05–00–00487–CV.

miss for want of prosecution unless there is good cause for the case to be maintained on the docket.

\* \* \*

**2. Non Compliance With Time Standards.** Any case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket.

**3. Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

\* \* \*

**4. Cumulative Remedies.** This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases. The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the

court's inherent power, whether or not a motion to dismiss has been filed.

Tex.R.Civ.P. 165a.

▪ Thus, a court may dismiss for want of prosecution pursuant to rule 165a for two reasons: (1) failure to appear; or (2) failure to comply with the supreme court time standards. *See* Tex.R.Civ.P. 165a(1), (2). Additionally, as recognized in subdivision four of the rule, the trial court has inherent power to dismiss a case for want of prosecution. *See Villarreal v. San Antonio Truck & Equipment,* 994 S.W.2d 628, 630 (Tex.1999) ("[T]he common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence."); *see also* Tex .R.Civ.P. 165a(4). Regardless of the grounds for dismissal, however, the trial court ordinarily is required to provide notice of a hearing and conduct an oral hearing prior to dismissal. *See Villarreal,* 994 S.W.2d at 630, 631 n. 4; *Brown v. Brookshires Grocery,* 10 S.W.3d 351, 354–55 (Tex.App.—Dallas 1999, pet. denied). The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process. *See Hubert v. Illinois State Assistance Comm'n,* 867 S.W.2d 160, 163 (Tex.App.—Hous. [14th Dist.] 1993, no writ) (citing *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)).

▪ We review a dismissal for want of prosecution under an abuse of discretion standard. *See State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984). We employ the same standard in reviewing the denial of a motion to reinstate. *Wyatt v. Texas Okla. Express, Inc.,* 693 S.W.2d 731, 732 (Tex. App.—Dallas 1985, no writ). To determine whether there is an abuse of discretion, the reviewing court must determine whether the trial court acted without ref-

erence to any guiding rules and principles. *See Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986).

In their first point of error, appellants rely heavily on this Court's analysis of rule 165a in *Brown v. Brookshires Grocery.* In *Brown,* we reversed the trial court's dismissal for want of prosecution for failure to comply with rule 165a. *Brown,* 10 S.W.3d at 352. We held that the trial court erred in failing to give notice of the date and place of the dismissal hearing and in not holding a hearing as required by the rule. *Id.* at 354. In pertinent part, we stated:

> To comply with the rule, a trial court's notice of intent to dismiss must provide the date and place of the dismissal hearing.... The notice [in *Brown* ] does not comply with rule 165a's requirement that it contain a date and place for the dismissal hearing. Because the notice of dismissal does not comply with the rules of civil procedure, error appears on the face of the record.

> Furthermore, we hold that the language of rule 165a requires that a dismissal hearing be held before a party's claim may be dismissed for want of prosecution under the rule. *See* Tex. R.Civ.P. 165a. We also hold that the context of the rule, which provides for notice of a specific date and place for the hearing, requires an oral hearing at which the opportunity for a personal appearance and oral presentation is afforded.

*Id.* at 353–54; *see also Rohus v. Licona,* 942 S.W.2d 111, 112 (Tex.App.—Hous. [1st Dist.] 1997, no writ) ("A notice of intent to dismiss does not comply with rule 165a if the notice does not also provide notice of the date and place of the dismissal hearing.").

Appellants also cite the supreme court's decision in *Villarreal,* in which the court discusses in equally sweeping language both rule 165a and the court's inherent power to dismiss. "[A] party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority.... The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal." *Villarreal,* 994 S.W.2d at 630. The court further quoted with approval the San Antonio court's opinion in *Goff,* in which the court stated: "[We] can find no authority for a court to invoke for the first time, without prior notice, its inherent power to dismiss for want of prosecution in a reinstatement hearing clearly involving only the review of a dismissal order under Tex.R.Civ.P. 165a(1)." *Id.* at 631 (quoting *Goff v. Branch,* 821 S.W.2d 732, 736 (Tex.App.— San Antonio 1991, writ denied)).

We do not disagree with the result in either *Brown* or *Villarreal.* However, we believe the result in these cases rests upon their specific facts; thus, we conclude these cases are distinguishable from the present appeals. In neither *Brown* nor *Villarreal* did the trial court hold an oral hearing following dismissal on the plaintiff's motion to reinstate. *Brown* involved an appeal by writ of error. *Brown,* 10 S.W.3d at 353. Therefore, by definition, the plaintiffs could not have participated in any post-dismissal proceeding. *See* Tex. R.App.P. 30. Similarly, in *Villarreal* the court noted that the appellant "appealed the trial court's dismissal for want of prosecution without filing a motion to reinstate in the trial court pursuant to Texas Rule of Civil Procedure 165a(3)." *Villarreal,* 994 S.W.2d at 630 n. 2.

█ By contrast, in the present appeals, the trial court afforded appellants a thorough oral hearing on their motions to reinstate. Courts that have addressed this

issue have uniformly held that when the trial court holds a hearing on a motion to reinstate while the court had full control of its judgment, and the dismissed party thereby receives the same hearing with the same burden of proof it would have had before the order of dismissal was signed, no harmful error is shown. *See, e.g., Jimenez v. Transwestern Property Co.*, 999 S.W.2d 125, 128–29 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex. App.—Texarkana 1995, writ denied); *Texas Soc'y, Daughters of the Am. Revolution, Inc. v. Estate of Hubbard*, 768 S.W.2d 858, 861–62 (Tex.App.—Texarkana 1989, no writ.). Likewise, the courts of appeal are in agreement that a post-dismissal hearing obviates any due process concerns. *See Montgomery Ward & Co. v. Denton County Appraisal Dist.*, 13 S.W.3d 828, 830–31 (Tex.App.—Fort Worth 2000, pet. denied); *Jimenez*, 999 S.W.2d at 129; *F.D.I.C. v. Kendrick*, 897 S.W.2d 476, 480 (Tex.App.—Amarillo 1995, no writ); *Vautrain v. Dutch Garrett, Inc.*, 755 S.W.2d 486, 489–90 (Tex. App.—Fort Worth 1988, writ denied) (opinion on reh'g).[3] We agree with the

*Jimenez* court that where the dismissed party is afforded an oral hearing on a motion to reinstate, application of *Villarreal* "would obfuscate what we perceive as bright line precedent regarding satisfaction of a litigant's due process rights applicable to a dismissal of a case for want of prosecution." *Jimenez*, 999 S.W.2d at 128.

■ In the present appeals, appellants have not shown there were any options they could have pursued but were unable to because they did not receive a hearing prior to dismissal. *Cf. Vautrain*, 755 S.W.2d at 489–90 (rejecting argument that dismissal for want of prosecution without notice and hearing required reversal, noting there was "nothing in the record indicating [appellant] ... had any options she could have pursued but was not able to pursue by virtue of not having received notice of the [dismissal] hearing"). In the causes where appellants have filed a reporter's record, the record shows appellants were allowed to present to the court all arguments available to them as to why the cases should not have been dismissed.[4]

---

**3.** We note that both the *Montgomery Ward* and *Jimenez* cases incorrectly cite *Harris County v. Miller*, 576 S.W.2d 808, 810 (Tex. 1979), for the proposition that the Texas Supreme Court has held that either notice of the trial court's intent to dismiss or notice of the actual order of dismissal is sufficient to comport with due process. *See Montgomery Ward*, 13 S.W.3d at 830 ("The Texas Supreme Court has held that where a dismissal for want of prosecution is challenged on due process grounds, notice may consist of either notice of the trial court's intent to dismiss or notice of the actual order of dismissal."); *Jimenez*, 999 S.W.2d at 128. In fact, *Miller* does not address due process requirements but merely holds that for purposes of determining the time limits for filing a motion to reinstate pursuant to rule 165a, either notice will suffice. *See Miller*, 576 S.W.2d at 810–11. We nevertheless agree with each court's analysis that when a case is dismissed for want of prosecution, due process is satisfied

by affording the parties a post-dismissal oral hearing with the same burden of proof and opportunity to be heard that they would have had prior to dismissal. The fundamental tenets of procedural due process consist of notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Texas Employment Com'n v. Remington York, Inc.*, 948 S.W.2d 352, 357 (Tex.App.—Dallas 1997, no writ). We are persuaded that the procedure employed by the trial court in the present cases satisfied these fundamental tenets.

**4.** In the two cases where the appellants have failed to file a reporter's record of the hearing, the record is presumed to support the trial court's ruling. *See Bryant v. United Shortline Inc. Assurance Servs.*, 972 S.W.2d 26, 31 (Tex.1998); *Fort Bend County v. Texas Parks & Wildlife Comm'n*, 818 S.W.2d 898, 900 (Tex.App.—Austin 1991, no writ).

Appellants do not contend, nor does the record support, that the trial court abused its discretion in concluding the cases had not been prosecuted in accordance with the time standards promulgated by the supreme court. *See* TEX.R.APP.P. 165a(2). Therefore, we conclude that although the trial court should have held an oral hearing prior to dismissing the cases in accordance with the mandatory language of rule 165a and this Court's decision in *Brown,* the post-dismissal hearing rendered the trial court's error harmless. Accordingly, we overrule appellants' first point of error.

In their second point of error, appellants complain that the trial court abused its discretion in failing to reinstate the cases. In their motions to reinstate, appellants made no attempt to excuse their failure to prosecute the cases within the time standards promulgated by the supreme court. Nor did they otherwise attempt to show good cause why the cases should be maintained on the trial court's docket. Rather, they argued only that the trial court failed to comply with rule 165a prior to dismissal. Similarly, on appeal, appellants argue simply that the trial court erred in failing to reinstate because it failed to comply with rule 165a. Appellants further note that counsel did not fail to appear for a hearing. Appellants, however, do not argue that the trial court erred in failing to find good cause to maintain these cases on its docket.

As noted above, failure to comply with the notice and hearing requirements of rule 165a did not require that the cases be reinstated. Rather, it required only that the parties be afforded essentially the same hearing after dismissal that they should have received prior to dismissal. Furthermore, whether counsel failed to appear for a hearing has no bearing on these appeals because the trial court could have dismissed each case pursuant to rule 165a(2) for failure to prosecute the case within the time standards established by the supreme court. Accordingly, we overrule appellants' second point of error.

We affirm the trial court's judgments.