NO. 07-09-0040-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 30, 2009
______________________________

NORMA WOODS, APPELLANT

V.

ROBERT M. SCHOENHOFEN, APPELLEE
_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-543857; HONORABLE J. BLAIR CHERRY, JR., JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
OPINION
          On June 30, 2008, appellant Norma Woods filed suit against Robert M.
Schoenhofen alleging personal injuries and property damage from a motor vehicle
accident.


 Through an order signed August 1, 2008, the trial court warned Woods of the
potential dismissal of her case. In relevant part, the order stated: 
Court records indicate that this case is eligible for
dismissal for want of prosecution because service of citation
has not been obtained. The case will be DISMISSED FOR
WANT OF PROSECUTION, unless one of the following
actions is taken within 45 days of this notice:
 
1.Service by citation is obtained.
2.A waiver of citation/service is filed; or
3.A verified motion to retain is filed.
 
(Capitalization in original). There is no record indication that Woods exercised one of the
options the notice offered for avoiding dismissal.
          On October 31, 2008, the trial court dismissed Woods’ case for want of prosecution. 
In relevant part, the order of dismissal stated:
On this 31 day of Oct., 2008 the Court enters its Order
of Dismissal For Want Of Prosecution. This is made pursuant
to previous notice to counsel and/or pro se parties that the
Court would dismiss this case unless there was an appropriate
response to the notice of dismissal. No response was
received by the deadline date imposed and it is therefore
Order (sic) of this Court that this case is hereby Dismissed For
Want Of Prosecution. It is so Ordered.
 
          Woods filed a motion to reinstate by mail on December 2.


 By one day, this filing
was untimely.


 Woods subsequently filed a notice of appeal. Although the notice was
untimely for an ordinary appeal,


 from the record it appears Woods’ case meets the
requirements for a restricted appeal. Tex. R. App. P. 30. We, accordingly, will so treat the
case. See Stoker v. City of Fort Worth, No. 02-08-00103-CV, 2009 WL 2138951, at *1
(Tex.App.–Fort Worth July 16, 2009, no pet.) (mem. op.) (similarly treating appeal as
restricted).
          A restricted appeal is available only if a party: (1) appealed within six months of the
day the judgment was signed; (2) was a party to the underlying lawsuit; (3) did not
participate in a hearing that produced the judgment and did not timely file any
postjudgment motions or requests for findings of fact and conclusions of law; and (4) error
is apparent on the face of the record. Alexander v. Lynda’s Boutique, 134 S.W.3d 845,
848 (Tex. 2004) (citing Tex. R. App. P. 26.1(c) & 30); Swinnea v. Flores, No. 07-07-0060-CV, 2008 WL 1848203, at *1 (Tex.App.–Amarillo April 25, 2008, no pet.). The face of the
record consists of all papers on file in the appeal, including the clerk’s record and any
reporter’s record. DSC Fin. Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991). 
          The instant record establishes elements one through three, so we turn to element 
four, and whether error appears on the face of the record. 
          An appellate court reviews a trial court’s decision to dismiss a case for want of
prosecution under an abuse of discretion standard. Villarreal v. San Antonio Truck &
Equip., 994 S.W.2d 628, 630 (Tex. 1999). Rule of Civil Procedure 165a allows a trial court
to dismiss a case for want of prosecution for “failure of any party seeking affirmative relief
to appear for any hearing or trial of which the party had notice,” and when a case is not
disposed of within the time standards promulgated by the Supreme Court . . . .” Tex. R.
Civ. P. 165a(1),(2).


 Here, because dismissal was for failure to respond to the court’s
August 1 notice and because the case was dismissed some four months after filing, the
dismissal grounds of Rule 165a are not applicable. 
          The common law, however, vests a trial court with an additional basis for dismissal 
of a case for want of prosecution. Through its inherent power to manage its docket, a trial
court may dismiss any case a plaintiff fails to prosecute with due diligence. Villarreal, 994
S.W.2d at 630. “However, a party must be provided with notice and an opportunity to be
heard before a court may dismiss a case for want of prosecution under . . . its inherent
authority.” Id.; see Franklin v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 401
(Tex.App.–Dallas 2001, pet. denied) (“[r]egardless of the grounds for dismissal, however,
the trial court ordinarily is required to provide notice of a hearing and conduct an oral
hearing prior to dismissal. The requirements of notice and a hearing are necessary to
ensure the dismissed claimant has received due process”).


 
          The August 1 order does not fix a date and time for a dismissal hearing, nor did the
trial court conduct a dismissal hearing. We conclude dismissing the case for want of
prosecution without a hearing was an abuse of discretion apparent on the face of the
record. We reverse the trial court’s order of dismissal and remand the case for further
proceedings consistent with this opinion.
 
                                                                           James T. Campbell

                                                                                   Justice