# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00281-CV

**JeJuan Cooks, Appellant**

**v.**

**ALCOA, Inc., Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. 31,957, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

JeJuan Cooks brought a premises liability claim against ALCOA, Inc. for personal injuries that he sustained while working on ALCOA's property. The suit remained on the trial court's docket for years but was never set for trial, and after more than three years, the trial court sent notice to the parties that the case would be dismissed for want of prosecution unless certain conditions were met. In response to this notice, Cooks filed a motion asking the court to retain the case but not immediately set it for trial. During the dismissal hearing, which neither Cooks nor his attorney was able to attend, the trial court concluded that Cooks's motion did not provide good cause to retain and dismissed the case for want of prosecution. Cooks then filed a motion to reinstate, which the trial court denied. It is from that order that Cooks appeals. We will affirm the trial court's order denying the motion to reinstate.

# BACKGROUND

Cooks was employed at ALCOA's aluminum plant facility and alleges that he was injured in September 2006 when a door suddenly fell and struck the top of his head, knocking him down. He alleges that the door was normally held open by a chain and hook but that due to poor maintenance, it fell, injuring Cooks's head, neck, and right shoulder.

Cooks filed suit in September 2007.[1] In March 2008, Cooks sent several discovery requests including a request for disclosure, written interrogatories, and requests for production. During a meeting in April 2008, ALCOA asked for more time to respond to discovery and suggested scheduling a settlement meeting. In June 2008, the parties signed a Rule 11 agreement under which the parties agreed to discuss the scheduling of a settlement meeting. ALCOA's deadline to respond to Cooks's discovery requests was stayed during those discussions, but if a settlement meeting did not occur within thirty days and result in a full settlement, Cooks could make another discovery request and set a new deadline for ALCOA to respond. The parties did not settle their dispute, and in late December 2008, Cooks formally asked that ALCOA respond to his discovery requests by late January 2009. In mid-February 2009, after receiving no response, Cooks sent a demand letter to ALCOA, threatening sanctions. ALCOA responded to the interrogatories and requests for production about a month later, but Cooks alleged that those responses were incomplete, non-responsive, and evasive. ALCOA did not respond to the request for disclosure until

---

[1] We take much of the factual background of this case from Cooks's motion to reinstate, in which he set out a lengthy chronology of his discovery efforts and communications with ALCOA. We also take some of the factual background from the argument presented at the hearing on Cooks's motion to reinstate.

December 2009. In September 2010, counsel asked for photographs taken when he and ALCOA's attorney inspected ALCOA's aluminum plant facility, as well as additional discovery documents that were promised by ALCOA. On October 14, 2010, a second Rule 11 agreement was filed by the parties, giving ALCOA until the end of the month to respond to discovery. ALCOA complied with that deadline.

On October 20, 2010, more than three years after Cooks filed his original petition, the trial court sent notice to the parties, informing them of a dismissal hearing scheduled on January 27, 2011. In response to this notice, Cooks filed a motion to retain. In his motion, he requested that the case be retained on the docket and not be set for trial immediately or dismissed. Cooks never confirmed with the trial court whether the motion to retain had been granted, and neither he nor his attorney attended the dismissal hearing. The trial court found that Cooks's motion to retain did not constitute good cause to maintain the case and dismissed it for want of prosecution. Cooks then filed a verified motion to reinstate the case. At a hearing on the motion, Cooks's attorney explained that he was unable to attend the dismissal hearing because he had a conflicting hearing scheduled at the same time; that he thought his motion to retain complied with the court's instructions for having the cause retained on the civil docket; and that because he believed he had complied with the court's instructions, he did not think it was necessary for him to attend the hearing. Counsel also explained that the circumstances were complicated because Cooks was incarcerated on pending criminal charges.[2] The trial court found that Cooks had not shown good cause to restore the case to the court's docket and denied the motion to reinstate. On appeal, Cooks asserts that the trial court abused its discretion in not granting the motion to reinstate.

---

[2] Counsel learned in December 2009 that Cooks was incarcerated and facing criminal charges.

3

**STANDARD OF REVIEW**

A trial court may dismiss a case for want of prosecution under either Rule 165a of the Texas Rules of Civil Procedure or the court's inherent power. Tex. R. Civ. P. 165a;**³** *Herrera v. Rivera*, 281 S.W.3d 1, 5 (Tex. App.—El Paso 2005, no pet.).**⁴** After scheduling a dismissal hearing, the trial court shall dismiss for want of prosecution unless there is good cause for the case to be maintained. Tex. R. Civ. P. 165a(1). The trial court may consider the entire history of the case, including the amount of time the case was on file, the amount of activity in the case, any requests for a trial setting, and any reasonable excuses for delay. *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ). The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court and can only be disturbed on appeal if we find a clear abuse of discretion. *Herrera*, 281 S.W.3d at 6 (citing *State v. Rotello*, 671 S.W.2d 507, 508 (Tex. 1984); *Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957)).

In reviewing the denial of a motion to reinstate, we also apply the abuse-of-discretion standard. *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied). To determine whether there was an abuse of discretion, we ask whether the trial court acted without reference to any guiding rules and principles. *Id.* at 401-02. As the supreme court has explained, although the trial court's discretion is not "unbridled," the matter is left to the court's "sound discretion." *Rotello*, 671 S.W.2d at 509 (quoting *Bevil*, 307 S.W.2d at 87). It is not an abuse

---

**³** Under rule 165a, a trial court may dismiss a case for want of prosecution if a party seeking affirmative relief fails to appear for a hearing or trial of which he had notice or if he fails to comply with the time standards promulgated by the supreme court. Tex. R. Civ. P. 165a(1), (2).

**⁴** A trial court has the inherent authority to dismiss a case that has not been diligently prosecuted. *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 842 (Tex. App.—Fort Worth 1999, no pet.).

of discretion for the trial court to consider the case's entire history, no matter what kind of activity has occurred recently. *Id.* A trial court demonstrates that it relied on guiding rules and principles if it provides a reasonable basis for its dismissal and the record reflects that it considered evidence and argument at a hearing on a motion to reinstate. *MacGregor v. Rich*, 941 S.W.2d 74, 76 (Tex. 1997).

A court shall reinstate if it finds that the failure to prosecute the case by the party or his attorney was not intentional or the result of conscious indifference but instead due to accident or mistake or if the failure is otherwise reasonably explained. Tex. R. Civ. P. 165a(3); *Cappetta v. Hermes*, 222 S.W.3d 160, 164-65 (Tex. App.—San Antonio 2006, no pet.); *Brown v. Howeth Invs., Inc.*, 820 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *see Rad v. Black*, No. 03-07-00574-CV, 2008 Tex. App. LEXIS 5346, at *7 (Tex. App.—Austin July 17, 2008, no pet.) (mem. op.).[5] In determining whether the court abused its discretion in refusing to reinstate a case, we look at the entire record and ask whether the evidence shows that the party's failure or delay in prosecuting the case was not due to accident, mistake, or other reasonable explanation. *Texas Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ); *see Rad*, 2008 Tex. App. LEXIS 5346, at *7.

---

[5] One appellate court has held that when a trial court relies on its inherent authority to dismiss and then denies a motion to reinstate, the reviewing court should only consider whether the trial court abused its discretion in determining whether the plaintiff did not prosecute his case with due diligence. *Southwell Invs. Group, III v. Indwell Res., Inc.*, No. 14-08-00695-CV, 2010 Tex. App. LEXIS 2490, at *11 (Tex. App.—Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem. op.).

**DISCUSSION**

On appeal, Cooks contends that the trial court erred in denying his motion to reinstate his case because (1) his failure to appear at the dismissal hearing or file request for a trial setting was not intentional or the result of conscious indifference; (2) his failure to appear at the hearing did not by itself authorize dismissal for want of prosecution; (3) he demonstrated that he had actively and diligently prosecuted his case in the face of ALCOA's discovery abuses; and (4) his incarceration presented "unusual circumstances" and the trial court demonstrated "frustration with or bias against" him due to the unrelated criminal case.

*Failure to Appear at Dismissal Hearing*

Cooks asserts that the trial court abused its discretion in refusing the reinstate the cause because he established that his and his attorney's failures to appear at the dismissal hearing or to request a trial setting were not intentional or the result of conscious indifference but instead due to accident or mistake or otherwise reasonably explained. Cooks also asserts that his failure to appear at the hearing did not by itself authorize the trial court to dismiss the cause and that the case should have been reinstated because he provided the court with several justifications for his absence.

The trial court's notice of dismissal specifically stated that the case would be dismissed unless (1) the parties agreed to a trial setting, (2) the parties attempted to agree upon a setting but could not, or (3) Cooks showed good cause why the case should not be dismissed or immediately set for trial. The letter also stated, "If you have complied with the procedures required by the enclosed notice you need not attend the dismissal hearing." Cooks did not attempt to set the case for trial but in an effort to meet the third requirement, he filed a rather brief motion to retain.

6

In his motion, he requested that the case be retained on the docket and not immediately set for trial. He explained that Cooks was incarcerated pending a criminal trial, that the parties had conducted "some discovery," that important discovery documents had been recently delivered by ALCOA, and that counsel needed additional time to review the discovery documents and to depose at least one ALCOA representative. Cooks stated that he believed the case could be ready for trial within six months and that he had attempted unsuccessfully to confer with both opposing counsel and Cooks's criminal counsel concerning the scheduling of the civil trial. The motion did not explain that Cooks's attorney would be unable to attend the hearing.

At the dismissal hearing, the trial court noted that Cooks's attorney was not present. It then said it had reviewed the motion to retain but that the motion "doesn't constitute good cause," signing an order to dismiss the case. During the hearing on Cooks's motion to reinstate, after counsel explained his absence from the dismissal hearing, the court said, "Counsel, where is the good cause shown in your motion to retain?" It explained that the notice of the dismissal hearing requires the movant to show "why it should not be dismissed. What is the good cause, is what I'm saying." Asked whether he had ever filed a motion to compel ALCOA's discovery responses, Cooks said he had not but that there were "lots of letters that I sent to opposing counsel demanding documents and threatening sanctions if things weren't sent." After hearing argument from Cooks and ALCOA, the trial court said, "I don't find that your motion showed good cause, and that's why I dismissed it. And I've listened to your argument today, and I still don't believe that good cause exists why this case should be retained on the docket." Cooks asked, "So even if I had been here and were making the same arguments, you would feel that way?" The trial court answered, "Yes. I

7

mean, you really haven't said anything that wasn't in your motion. . . . I don't think that constitutes good cause. So if you had been here and said the same thing, I don't know that that would have made any difference."

Although Cooks argues in his first two issues that the trial court should not have dismissed his suit for his failure to appear at the dismissal hearing, his failure to appear was not the basis of the court's decision to dismiss the cause. Instead, at the dismissal hearing, after noting that the case had been on file for three and one-half years and stating it had reviewed Cooks's proffered excuses for delay, the trial court decided that Cooks had not shown good cause to retain the case. On appeal, Cooks has not established that the court abused its discretion in dismissing the suit in the face of his motion to retain. *See Rotello*, 671 S.W.2d at 509 (despite some recent activity on case, court did not abuse its discretion in considering number of years case had been pending and deciding to dismiss); *Thomas*, 838 S.W.2d at 297 (in deciding whether to dismiss cause for want of prosecution, trial court may consider entire history of case, including time pending on docket, activity in case, any trial-setting requests, and reasonable excuses for delay).

At the hearing on his motion to reinstate, Cooks argued the case should be reinstated and explained why he did not attend the dismissal hearing. He explained first that he understood the court's notice about the dismissal hearing to say that filing a motion to retain would be sufficient to maintain the cause on the docket, and that, because he filed such a motion, he thought he did not have to attend the hearing. Additionally, counsel had a conflicting trial scheduled on the same date as the dismissal hearing. Further, he asserted that ALCOA had resisted discovery requests, the parties had conducted extensive written discovery, and ALCOA had just responded to some of

8

Cooks's requests shortly before the dismissal hearing. Finally, counsel explained that Cooks was incarcerated and that counsel wanted to set the civil trial after the criminal trial to minimize possible negative effects on the civil trial and had attempted unsuccessfully to consult with ALCOA's counsel and Cooks's criminal counsel to discuss the scheduling of the two trials. The trial court answered Cooks's attorney's explanations about his absence by asking where in the motion to retain Cooks had shown good cause to retain the cause without an immediate trial setting.

Although the trial court noted Cooks's failure to attend the dismissal hearing, it did not base its refusal to reinstate on that absence. Instead, despite Cooks's arguments and explanations, the trial court found that Cooks had not shown good cause to reinstate the case. *See Knight v. Trent*, 739 S.W.2d 116, 120 (Tex. App.—San Antonio 1987, no writ) ("Appellants' showing that their failure to appear at the hearing was not intentional or the result of conscious indifference does not relieve them of their burden to explain to the trial court the reason for their failure to prosecute their case with reasonable diligence."), *disapproved on other grounds by Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 633 (Tex. 1999). Because the trial court did not dismiss or refuse to reinstate the case because Cooks missed the dismissal hearing, we overrule Cooks's first two issues.

*Did Cooks Show His Entitlement To Reinstatement?*

In his third issue, Cooks asserts that because he showed that he actively and diligently prosecuted his case, the trial court abused its discretion by refusing to reinstate the case. Cooks argues that he did not set a trial for the case because of ALCOA's alleged discovery abuses and his own extended incarceration.

A trial court should reinstate a case if it finds that any failure of the party or his attorney was unintentional and not the result of conscious indifference but instead due to accident,

9

mistake, or some otherwise reasonable explanation. Tex. R. Civ. P. 165a(3); *Cappetta*, 222 S.W.3d at 164-65. However, the party complaining of a trial court's refusal to reinstate must show that the court abused its discretion and acted without reference to guiding rules and principles in reaching its decision. *Franklin*, 53 S.W.3d at 401-02. We consider the entire record in reviewing a trial court's decision on a motion to reinstate. *Deck*, 954 S.W.2d at 112.

In his motion to reinstate, Cooks set forth a lengthy history of the case, including ALCOA's alleged discovery abuses and unfulfilled promises of settlement meetings, as well as the obstacles created by Cooks's incarceration, and he asserts on appeal that these factors showed he had prosecuted his case with reasonable diligence. However, at the hearing on the motion to reinstate, the trial court noted that Cooks's motion never explained how he was prevented from setting his case in over three and one-half years, why he did not seek the trial court's assistance in handling ALCOA's alleged discovery abuses, or why he had not prosecuted his case in accordance with the supreme court's time standards. *See Franklin*, 53 S.W.3d at 404; *see also* Tex. R. Jud. Admin. 6(b) (civil cases should be brought to final disposition within twelve (nonjury) or eighteen (jury) months of appearance date). Furthermore, even after having the case dismissed, Cooks still was unprepared to go to trial and believed it would be six months before he would be ready for trial.

As in *MacGregor*, the trial court, both at the dismissal hearing and at the hearing on Cooks's motion to reinstate, explained why it dismissed the case, why it did not believe Cooks had shown good cause to retain or reinstate the case, and why it was refusing to reinstate. *See MacGregor*, 941 S.W.2d at 76. The trial court seems to have taken into account the entire history of the case, the amount of time the case was on file, the amount of activity in the case, and Cooks's excuses for the delay in reaching its conclusion that Cooks had not shown good cause to reinstate

10

the case.  *See Thomas*, 838 S.W.2d at 297.  In light of the factors a trial court may rely on in deciding whether to reinstate a case, we cannot conclude that the trial court acted arbitrarily or without guiding rules or principles in denying Cooks's motion to reinstate or that it was unreasonable for the court to determine that Cooks had not shown good cause for reinstatement.  *See MacGregor*, 941 S.W.2d at 76; *Franklin*, 53 S.W.3d at 404; *see also Rad*, 2008 Tex. App. LEXIS 5346, at *24-25.  Therefore, we overrule Cooks's third issue.

*Was The Trial Court Biased Against Cooks?*

In his final issue, Cooks argues that the trial court "expressed frustration with and perhaps some bias against" Cooks based on proceedings in Cooks's criminal case in which the same trial court judge had some involvement.  He notes that during the hearing on his motion to reinstate, the trial court stated that Cooks was on his third criminal attorney yet was still not satisfied.  The trial court also noted that Cooks had additional pending charges that were not being tried.  However, the remarks about the number of cases pending against Cooks were made to correct Cooks's attorney's misunderstanding about certain charges having been dismissed.  The court explained to counsel that Cooks was going to trial the following week for a felony charge and that the court was not aware "of any cases against him in this county that have been dismissed."  Counsel responded that he did not want to "speak out of turn on the status of the criminal proceedings because I'm not involved in that at all."  After the trial court ruled that it was not going to reinstate the cause, Cooks made a formal bill of exception, describing the chronology of the case.  It was during that bill of exception that the trial court corrected counsel's statement about the name of Cooks's original criminal attorney.  The court said, "Mr. Guzman was his second attorney.  He's now on his third attorney.  He's not satisfied with him, either.  He told me this morning."

11

First, the remarks made by the trial court do not, on their face, express irritation or frustration but instead appear to be simply correcting counsel's misunderstandings about the status of the criminal proceedings. Further, even if we could glean "frustration" from those remarks, there certainly is no indication of bias in the court's statements. Judicial remarks made during the course of a trial, including those that are critical, disapproving, or even hostile to counsel, the parties, or their cases, usually do not support a challenge of bias. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001). Expressions of impatience, dissatisfaction, annoyance, and even anger do not establish bias or partiality. *Id*. To show bias, a judge's comments must display a deep-seated favoritism or antagonism that would make a fair judgment impossible. *Id*. The remarks cited by Cooks do not amount to a display of deep-seated favoritism or antagonism, and at most could be interpreted as expressions of mild impatience or annoyance. *See id.* Such comments without substantially more do not show bias on the part of the trial court. We overrule Cooks's fourth issue.

**CONCLUSION**

Having overruled Cooks's issues on appeal, we affirm the trial court's order denying his motion to reinstate.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: August 10, 2012

12