Opinion filed January 25, 2013



In The

# Eleventh Court of Appeals

No. 11-11-00013-CV

## DARNELL SMITH, Appellant

## V.

## ROBERT H. QUADA JR. ET AL., Appellees

**On Appeal from the 12th District Court**
**Walker County, Texas**
**Trial Court Cause No. 24,114**

## MEMORANDUM OPINION

Darnell Smith, a pro se inmate, appeals the dismissal of his lawsuit for want of prosecution against several employees of the Texas Department of Criminal Justice. In two issues, he contends that the trial court erred in (1) dismissing his lawsuit for want of prosecution and (2) failing to grant his motion for the issuance of a bench warrant to secure his presence at the dismissal docket hearing. We affirm.

*Background*

Appellant filed the underlying lawsuit on December 31, 2007, alleging that prison officials had improperly confiscated his legal materials. Appellees filed their answer to the suit on March 17, 2008. The clerk's record indicates that appellant filed several documents in the

case throughout 2008. However, no activity occurred in the case between December 3, 2008, and April 15, 2009, when appellant advised the trial court clerk of an address change. Appellant did not file any other documents in the cause until August 19, 2009, other than to advise the trial court clerk of another address change on April 27, 2009. He filed a document entitled "Advisory Regarding Prison Official's [sic] Contieud [sic] Withholding of Plaintiff's Legal Material" on August 19, 2009. He additionally requested information about the trial court's docket calendar that the court coordinator provided to him on August 17, 2009. He filed another "Advisory Regarding Prison Official"s [sic] Continued Witholding [sic] of Plaintiff's Property" on September 11, 2009. Appellant did not file anything else in the case during the remainder of 2009. In January of 2010, he forwarded a request to the trial court clerk to file in another pending action a document previously filed in the underlying suit. Nothing else occurred in the case until August 20, 2010, when the trial court filed the following notice:

### NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

TAKE NOTICE that the pending cases on the attached list, in the 12th Judicial District Court of Walker County, Texas will be dismissed on the 28th day of October 2010 at 2:00 P.M., **UNLESS THE PARTIES AND THEIR ATTORNEYS APPEAR IN PERSON AND SHOW GOOD CAUSE FOR THE CASE TO BE MAINTAINED ON THE DOCKET OF SAID COURT. FILING A MOTION TO RETAIN THE CASE ON THE COURT'S DOCKET WILL NOT BE SUFFICIENT TO RETAIN IT.**

Appellant responded to the notice of dismissal by filing an "Application for Writ of Habeas Corpus Ad Testificandum" on September 10, 2010. The trial court did not rule on the application. It subsequently dismissed the case on October 28, 2010, in a written order stating that the case was dismissed for want of prosecution pursuant to TEX. R. CIV. P. 165a. Afterwards, appellant did not file a motion to reinstate the case pursuant Rule 165a(3).

### Standard of Review

We review the trial court's dismissal for want of prosecution for a clear abuse of discretion. *See Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied). A trial court abuses its discretion when it acts "arbitrarily or unreasonably, without reference to guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

### Analysis

A trial court must provide a party with notice and an opportunity to be heard before the trial court can dismiss a case for want of prosecution. *Villarreal v. San Antonio Truck & Equip.*,

2

994 S.W.2d 628, 630 (Tex. 1999). Appellant obviously received the notice because he filed his application for a bench warrant in response to it. He complains in his second issue that the trial court erred in not granting the request for the bench warrant.

It is well established that litigants cannot be denied access to the courts simply because they are inmates. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *see Hudson v. Palmer*, 468 U.S. 517, 523 (1984). However, an inmate does not have an absolute right to appear in person in every court proceeding. *Z.L.T.*, 124 S.W.3d at 165. Instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity. *Id.* Texas courts have identified a number of factors to be weighed against an inmate's right to appear in person, including the cost and convenience of transporting him to the courtroom; the security risk he presents to the court and public; the substantial nature of his claims; whether resolution can be reasonably delayed until his release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether his presence is important for judging his demeanor and credibility; whether the trial or hearing is to the court or a jury; and the probability of success on the merits. *Id.* at 165–66. The burden is on the inmate to establish his right to relief when seeking a bench warrant, and if the inmate fails to present sufficient information to the trial court for it to evaluate whether the inmate's participation in a hearing is warranted, the trial court has no independent duty to evaluate the factors and does not abuse its discretion by denying the request. *Id.* at 166.

In his application for a bench warrant, appellant advised the court that he is incarcerated, that he "is a necessary, material and competent witness in this case," that he is the only plaintiff, that his testimony is central to the facts at issue, that his availability to respond to live questioning "will further the correct outcome of events," and that he has a substantial interest in "presenting in person" his testimony concerning "good cause." However, he did not supply any information with respect to the factors the court must consider in granting his request. Specifically, appellant did not provide the trial court with any details of his "good cause" basis for maintaining the case on the court docket. Thus, appellant did not present sufficient information to the trial court for it to evaluate whether his appearance was warranted. Accordingly, the trial court did not abuse its discretion by denying the application for a bench warrant. Appellant's second issue is overruled.

3

A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) Rule 165a and (2) the trial court's inherent authority to manage its own docket. *See Villarreal*, 994 S.W.2d at 630. We direct our attention to the grounds listed in Rule 165a because the trial court's order expressly referenced the rule as the basis for the dismissal. Rule 165a(1) applies to situations when a party fails to appear for a hearing or a trial. Rule 165a(2) provides for dismissal for want of prosecution when a case is not disposed of within the time standards promulgated by the Texas Supreme Court. Rule 6.1(b) of the Texas Rules of Judicial Administration provides that cases should be brought to trial or final disposition within eighteen months from appearance date for civil jury cases and within twelve months from appearance date for civil nonjury cases. TEX. R. JUD. ADMIN. 6.1(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West Supp. 2012).

At least twenty-nine months elapsed in this case between the filing of appellees' answer in March 2008 and the trial court's dismissal docket notice entered in August 2010. Accordingly, dismissal under Rule 165a(2) was appropriate. Very little activity occurred in the case in the last twenty months preceding the issuance of the dismissal docket notice. As noted previously, appellant did not provide the trial court with a sufficient basis for granting his application for a bench warrant. Furthermore, he did not request or propose any alternative means of attendance at the hearing such as by telephone or deposition. Under these circumstances, the trial court did not abuse its discretion in dismissing the case for want of prosecution. Appellant's first issue is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.

PER CURIAM

January 25, 2013
Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4