**REVERSE, REINSTATE, and REMAND and Opinion Filed December 14, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-01232-CV**
_____

**GREATER EL BETHEL BAPTIST CHURCH, Appellant**
**V.**
**STERLING OASIS CEDC, REAL ACCESS, LLC, AND DELISA**
**CRAVANAS ROSE, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-02072**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Goldstein

Greater El Bethel Baptist Church appeals the trial court's order dismissing the underlying case for want of prosecution. In three issues, the Church asserts the trial court erred in dismissing the case without providing the parties with notice of intent to dismiss, the Church prosecuted the case with due diligence leading up to the dismissal, and the Church's failure to comply with the trial court's directions was not intentional or due to conscious indifference. We reverse the trial court's order, reinstate the case, and remand for further proceedings.

In February 2021, the Church sued Sterling Oasis CEDC and DeLisa Cravanas Rose and asserted claims of violation of the Texas Deceptive Trade Practices Act (DTPA), breach of contract, fraud, and fraud in the inducement. In July 2021, the Church filed its first amended petition adding Real Access, LLC, as a defendant. At a pretrial hearing on September 28, 2022, the Church's counsel requested a continuance, and the parties agreed to a thirty-day continuance. In light of the parties' agreement, the trial court made the following statement:

> Okay. Here's what we're going to do. I'm not opposed to a 30-day continuance, around about there. You guys confer. Before the announcement deadline Friday morning let the Court know and file a proposed agreed order with your trial date and put all of that on there. And if there's some agreement as to set for the week of the 31st, but not start until the 1st, just put all of that in there. File a vacation letter and that way we'll handle that. And once you file that, email it to my coordinator so we have it before the announcement deadline.

Two days after the hearing, on September 30, 2022, the trial court dismissed the case for want of prosecution. The dismissal order stated, in part, that "counsel failed to file a motion for continuance before the announcement cutoff time as directed by the Court." On October 7, 2022, the Church filed a motion to reinstate that was overruled by operation of law.[1] On November 11, 2022, the Church filed its notice of appeal.

---

[1] Although the docket sheet reflects the motion to reinstate was set for hearing, it further reflects it was ruled on by submission. We need not reach the failure to hold the mandatory hearing under Rule 165a as our disposition is based upon due process concerns preceding the motion. We further need not address the failure of the verification to contain a notary stamp for this same reason.

In its first issue, the Church argues the trial court erred in dismissing its case for want of prosecution without providing the Church with notice of its intent to dismiss the case.

We review a trial court's dismissal for want of prosecution under an abuse of discretion standard. *Mansaray v. Phillips*, 626 S.W.3d 402, 405 (Tex. App.—Dallas 2021, no pet.); *WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied). Like a review of a dismissal for want of prosecution, we review a denial of a motion to reinstate under an abuse of discretion standard. *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (per curiam); *see Gomez v. Sol*, No. 05-14-00893-CV, 2015 WL 6121751, at *2 (Tex. App.—Dallas Oct. 19, 2015, no pet.) (mem. op.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *WMC Mortg.*, 200 S.W.3d at 752.

A trial court's authority to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the court's inherent authority under common law. TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A court may dismiss pursuant to rule 165a when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, or when a case is not disposed within the Supreme Court of Texas' time standards. TEX. R. CIV. P. 165a (1), (2); *Villarreal*, 994 S.W.2d

–3–

at 630.  In addition to the court's power to dismiss under rule 165a, the common law "vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Mansaray*, 626 S.W.3d at 405 (quoting *Villarreal*, 994 S.W.2d at 630).

Regardless of the basis for the dismissal, due process requires that the party be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution. *Villarreal*, 994 S.W.2d at 630–31; *Franklin*, 53 S.W.3d at 401.  The notice must advise the party of the basis for the potential dismissal. *Boulden v. Boulden*, 133 S.W.3d 884, 886 (Tex. App.—Dallas 2004, no pet.).

Here, the trial court provided the Church no additional notice[2] or opportunity to be heard before dismissing the case for want of prosecution.  While the record reflects that the trial court did instruct the Church's counsel to file a motion for continuance, the trial court did not notify the Church's counsel that dismissal for want of prosecution would be the consequence of failing to file a motion for continuance.  The order dismissing the case specifically states that the case was dismissed because "counsel failed to file a motion for continuance before the announcement cutoff time as directed by the Court."

---

[2] We infer, based upon the arguments, that the parties were aware of the Dallas County local rules.

In their response to the Church's motion to reinstate, appellees refer to the Church's failure to "file its Motion before the announcement deadline under Dallas County Local Rule 3.02." Local rules may provide the requisite notice for dismissal for want of prosecution. *See State v. Rotello*, 671 S.W.2d 507, 508 (Tex. 1984). A party may be charged with notice of the trial court's intention to dismiss the case for want of prosecution by their attorney's knowledge of the local rule. *Id.* This can be sufficient notice to satisfy the requirements of due process and to authorize the trial court's dismissal of the case. *Id.*; *see also Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex. App.—Houston [14th Dist.] 1993, no writ.) (notice of a court's intention to dismiss may be imputed to a party when the court's local rules provide for dismissal, and the imputed knowledge satisfies due process requirements). However, in this case, the record is devoid of the purported applicable local rules; therefore, there is no evidence of what notice may be imputed to the Church under Dallas County local rules. Under the facts of this case, and upon the record before us, we conclude the failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *See Villarreal*, 994 S.W.2d at 630–31 (failure to provide adequate notice of trial court's intent to dismiss for want of prosecution requires reversal); *Mansaray*, 626 S.W.3d at 405; *Boulden*, 133 S.W.3d at 886; *Franklin*, 53 S.W.3d at 401. We sustain the Church's first issue. Due to our disposition of the Church's first issue, we need not address the Church's remaining issues.

We reverse the trial court's order dismissing the underlying case for want of prosecution, reinstate the case, and remand for further proceedings.


221232F.P05

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

GREATER EL BETHEL BAPTIST
CHURCH, Appellant

No. 05-22-01232-CV     V.

STERLING OASIS CEDC, REAL
ACCESS, LLC, AND DELISA
CRAVANAS ROSE, Appellees

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-02072.
Opinion delivered by Justice
Goldstein. Justices Garcia and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REINSTATED** and **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant GREATER ELEBETHEL BAPTIST CHURCH recover its costs of this appeal from appellees STERLING OASIS CEDC, REAL ACCESS, LLC, AND DELISA CRAVANAS ROSE.

Judgment entered December 14, 2023.