Joseph DURBIN, Appellant,

v.

Sonya MUCHOW, Appellee.

No. 09–09–00133–CV.

Court of Appeals of Texas,
Beaumont.

Submitted March 17, 2010.

Decided April 1, 2010.

---

C. Frederick Cludius, Davis Law Firm, Jeff Small, Law Office of Jeff Small, San Antonio, for appellant.

David A. Oubre, Adams & Heald, P.C., Houston, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

This appeal arises from the trial court's dismissal of Joseph Durbin's personal injury case. After the trial court dismissed the case, Durbin filed a verified motion to reinstate, which was subsequently overruled by operation of law. Durbin requests that we reverse the trial court's order dismissing his case.

### Background

Durbin's Motion to Reinstate and his brief argue that the trial court dismissed his case for want of prosecution because his attorney failed to personally appear at a docket call that occurred on December 1, 2008. Durbin's Motion to Reinstate included an affidavit from Bianca Baeza, a paralegal employed by Durbin's attorney. Baeza's affidavit explains that more than one week before the date the docket call was scheduled to occur, she contacted the trial court to determine whether Durbin's attorney needed to personally attend. According to Baeza, the person who answered the trial court's phone told her that an appearance by Durbin's attorney at the docket call was not required. Instead, the person who answered the phone told Baeza that the trial court would allow someone from the attorney's office to phone in an announcement on the case.

Baeza's affidavit explains that on December 1, 2008, the date of the docket call, she called the trial court's phone number and informed the person who answered that Durbin was not ready for trial. According to Baeza, she understood that the

trial court would be informed of Durbin's docket announcement.

On December 11, 2008, the trial court dismissed Durbin's case for "want of prosecution." The trial court's order contains nothing further to explain the basis of its ruling. Durbin timely filed a motion to reinstate, and he requested that the trial court conduct a hearing on his motion. Durbin's Motion to Reinstate asserts that he had no notice that his failure to appear could result in a dismissal, and also states that Baeza advised the court of Durbin's announcement by telephone. Subsequently, and without a hearing, Durbin's Motion to Reinstate was overruled by operation of law.

On appeal, Durbin argues that because the trial court did not give him notice that it might dismiss his case if his attorney failed to appear for the docket call, the trial court erred in dismissing his case and in failing to reinstate the case on the court's docket. He further argues that his case should have been reinstated in light of his explanation about why his attorney had failed to personally attend the December 2008 docket call. We assume that appellee, Sonya Muchow, is not dissatisfied with Durbin's statement of the facts, as she did not file a brief. *See* Tex.R.App. P. 38.2(a)(B).

### Analysis

■ Texas Rule of Civil Procedure 165a(3) provides that upon the filing of a motion to reinstate, the judge "*shall* set a hearing on the motion as soon as practicable" and "notify all parties or their attorneys of record of the date, time and place of the hearing." Tex.R. Civ. P. 165a(3) (emphasis added). The rule is mandatory and it is not within the trial court's discretion to refuse to conduct an oral hearing on a party's request to hear the motion to reinstate. *Thordson v. City of Houston,*

815 S.W.2d 550, 550 (Tex.1991) (citing *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.,* 754 S.W.2d 152, 153 (Tex.1988)). However, Durbin complains not simply of the absence of an after-the-fact hearing, but he also complains that he was never given notice that failure to appear at the docket call would result in dismissal of his case for want of prosecution.

■ We note that Rule 165a(1) requires a trial court to notify a party of its intention to dismiss, and after giving notice, the Rule requires the trial court to conduct a dismissal hearing. Tex.R. Civ. P. 165a(1). It is uncontested that Durbin had no notice of the trial court's intent to dismiss his case for want of prosecution. The trial court's December 2008 docket did not advise the parties that the court might consider dismissing the cases on the docket for want of prosecution. We conclude that Durbin did not receive the notice contemplated by Rule 165a(1).

■ We further note that Rule 165a(1) also allows a court to dismiss a case for a party's failure to appear at "any hearing or trial of which the party had notice." *Id.* Nevertheless, based upon Baeza's uncontested affidavit, it is undisputed that Durbin appeared at the December docket call by telephone, and he also presented an excuse for his attorney's failure to personally appear at that same docket call. Thus, based on the undisputed evidence in this record, the trial court could not have dismissed Durbin's case for his attorney's failure to appear when the record shows an appearance that complied with the instructions the attorney's paralegal had received from the trial court's staff. *See Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 631 (Tex.1999) (explaining that the trial court could not have dismissed the case for want of prosecution under rule 165a(1) where it was undisput-

ed that appellant appeared at the dismissal hearing).

■ Independent of the Rules of Procedure, a trial court has the inherent power to dismiss "when a plaintiff fails to prosecute his or her case with due diligence." *Villarreal,* 994 S.W.2d 628 at 630. Because Durbin's case had been pending for over twenty-six months, we also address whether the trial court, under the circumstances here, might have exercised its inherent common law power to dismiss Durbin's case.

■ Before a trial court can dismiss a case, whether it chooses to dismiss a case based upon its discretionary power granted by the Rules of Procedure or to dismiss based upon its inherent common law powers, it must provide a party with notice and an opportunity to be heard. *Id.* While some courts have indicated that due process concerns over what suffices for sufficient notice are satisfied by providing a party with the order of dismissal and then subsequently giving the party an opportunity to address the merits of the dismissal at a hearing, no comparable opportunity to be heard occurred here. *See Keough v. Cyrus USA, Inc.,* 204 S.W.3d 1, 5 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) ("Even assuming for the sake of argument that no notice was sent and that we properly may raise the issue sua sponte, a trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion."). In this case, the record shows that Durbin was neither provided with notice of the trial court's intention to dismiss, nor did he receive a subsequent hearing, despite his request for one, on his motion to reinstate.

We note that Orange County has not adopted local rules governing the dismissal of cases when a given case has attained a certain age. *See generally* Texas Rules of Court, Local (West 2009) (reflecting local rules adopted by various Texas counties, but containing none for Orange County). While "the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence[,]" the trial court must still provide a party "with notice and an opportunity to be heard before [it] may dismiss a case for want of prosecution...." *Villarreal,* 994 S.W.2d at 630.

Therefore, even though Durbin's suit had been on the trial court's docket for over twenty-six months at the time of the December 2008 docket call, the trial court was required to give the parties adequate notice of its intent to dismiss for want of prosecution. *See id.; State v. Rotello,* 671 S.W.2d 507, 508 (Tex.1984) (holding that attorney's knowledge of a local rule in Brazos County governing cases that had been on file for more than two years constituted sufficient notice of trial court's power to dismiss); *Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489, 491 (1942) ("Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit."). We conclude that Durbin was entitled to receive prior notice of the trial court's intention to dismiss before it entered an order of dismissal, or in lieu thereof, the trial court was required, based on Durbin's request, to hold a hearing on his motion to reinstate.

Because Durbin was deprived of prior notice of the court's intent to dismiss his case for want of prosecution, and because he was further deprived of a hearing on his motion to reinstate, the trial court's order of dismissal cannot be affirmed. Therefore, we reverse the trial court's order dismissing the case and remand the

case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.