# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## ON MOTION FOR REHEARING
---

---
### NO. 03-11-00791-CV
---

**Juan Enriquez, Appellant**

**v.**

**Brad Livingston, in his Official Capacity as the Executive Director of the Texas Department of Criminal Justice; Rick Thaler; John Rupert; Brian Tucker; and David Langston, Appellees**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-10-001559, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**
---

---
### NO. 03-11-00792-CV
---

**Juan Enriquez, Appellant**

**v.**

**Brad Livingston, in his Official Capacity as the Executive Director of the Texas Department of Criminal Justice; Rick Thaler; John Rupert; Brian Tucker; and David Langston, Appellees**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-10-001996, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**
---

---
### D I S S E N T I N G   O P I N I O N
---

In light of the arguments presented by the State in its motion for rehearing regarding the timeliness of Enriquez's motion to reinstate, I can no longer conclude that the district court abused its discretion when it denied the motion without an oral hearing. Because the majority holds otherwise, I respectfully dissent.

We are to review a dismissal for want of prosecution and the subsequent denial of a motion to reinstate under an abuse-of-discretion standard. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 467-68 (Tex. 1995); *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Brown Mech. Servs. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 n.1 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Welborn v. Ferrell Enters.*, 376 S.W.3d 902, 906 (Tex. App.—Dallas 2012, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.). When reviewing matters that are committed to the trial court's discretion, a court of appeals may not substitute its own judgment for the trial court's judgment. *Walker*, 111 S.W.3d at 63 (citing *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41-42 (Tex. 1989)).

Moreover, when the record does not contain findings of fact or conclusions of law specifying the reasons for the trial court's judgment, we must affirm the judgment on any applicable legal theory supported by the record. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Sellers v. Foster*, 199 S.W.3d 385, 391 (Tex. App.—Fort Worth 2006, no pet.); *Williams v. Texas Dep't of Crim. Justice-Institutional Div.*, 176 S.W.3d 590, 593 (Tex. App.—Tyler 2005, pet. denied). We are to defer to the trial court's factual determinations and imply any fact findings that are

necessary to support the trial court's judgment, so long as such findings are supported by the record. *See Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Worford*, 801 S.W.2d at 109.

In this case, the necessary finding in support of the judgment is that the motion to reinstate was not timely filed. As the majority observes, "an oral hearing is required on any timely filed motion to reinstate under Tex. R. Civ. P. 165a." *Gulf Coast Inv. Corp. v. NASA 1 Business Center*, 754 S.W.2d 152, 153 (Tex. 1988). Because this rule is mandatory, "it [is] not within the discretion of the trial court to fail to hold an oral hearing on the motion to reinstate." *Thordson v. Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam); *Durbin v. Muchow*, 309 S.W.3d 758, 760 (Tex. App.—Beaumont 2010, no pet.). However, for this rule to apply, there must be a timely filed motion to reinstate. In the absence of a timely filed motion to reinstate, the trial court's plenary power over the case expires thirty days after the order of dismissal. *See* Tex. R. Civ. P. 165a(3); *Mem'l Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam); *In re GMC*, 296 S.W.3d 813, 820 (Tex. App.—Austin 2009, no pet.). After the trial court's plenary power expires, it can take no further action on the case. *See* Tex. R. Civ. P. 329b(d); *Emerald Oaks Hotel/Conf. Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989); *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980); *Florance v. State*, 352 S.W.3d 867, 874 n.5 (Tex. App.—Dallas 2011, no pet.); *In re Montemayor*, 2 S.W.3d 542, 544-46 (Tex. App.—San Antonio 1999, orig. proceeding); *see also In re Bokeloh*, 21 S.W.3d 784, 792 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) (holding that order reinstating case more than thirty days after dismissal was void).

In this case, the trial court's order of dismissal was signed on August 24, 2011. Thus, in order for Enriquez's motion to reinstate to be considered timely, it could be filed no later than September 23, 2011. *See* Tex. R. Civ. P. 165a(3). The majority concludes that the motion was timely filed, relying on statements made by Enriquez in his certificate of service and "mailbox filing verification" tending to show that the motion was delivered to prison officials for mailing on the last day it could be timely filed, September 23, 2011. I agree that under the prisoner mailbox rule, Enriquez's statements constitute "some measure of proof" that the motion was timely filed. *See Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007); *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004).

But Enriquez's statements are not conclusive proof of that fact. *Cf.* Tex. R. App. P. 9.2(b)(2) (listing types of evidence that appellate courts consider "conclusive proof of the date of mailing"; certificate of service not included in list). And Enriquez's statements are controverted. There is evidence in the record from which the district court could have impliedly found that Enriquez's statements were false. Specifically, the file-stamp date on the motion is October 12, 2011, which is 19 days after the September 23 deadline. Enriquez's previous filing, his motion to retain the case, was filed by the district clerk on June 24, 2011, which was within seven days of the alleged date of mailing. The district court could have impliedly found that if Enriquez had delivered his motion to prison officials when he claimed he did, it would have been filed by the clerk's office within a similar time period as his previous filing, or at least within a shorter time period than 19 days later. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 269 (1988) (filing was received by clerk's office one day after filing deadline); *Ramos*, 228 S.W.3d at 672 (concluding that it was "logical to

assume" that filing was placed in mail when appellant said it was because filing was received by clerk one day later); *Warner*, 135 S.W.3d at 683 (filing was seven days late).[1]

Given the conflicting evidence in the record concerning the timeliness of the motion to reinstate, I believe that the district court was in a better position than this Court to resolve the conflict and determine the truth or falsity of Enriquez's statements regarding the date of mailing. *See Warner*, 135 S.W. 3d at 686 (remanding to the trial court (not the appellate court) for "a finding of the date Warner deposited his petition in the prison mail system"). Because the record in this case supports the district court's finding that Enriquez's statements were false, I cannot conclude that the district court abused its discretion in denying Enriquez's motion to reinstate without holding a hearing.[2] Accordingly, I would grant the motion for rehearing and affirm the district court's judgment of dismissal. Because the majority does not, I respectfully dissent.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed:   March 20, 2013

_____

[1] I express no opinion as to whether a filing that is 19 days late could be considered timely filed under the prisoner mailbox rule in other cases. I conclude only that in this case, the district court did not abuse its discretion in failing to hold an oral hearing on the motion to reinstate based on an implied finding that Enriquez's statements concerning the date of mailing were false.

[2] *See also Woods v. Quorum Hotels & Resorts, LTD*, No. 02-12-00043-CV, 2013 Tex. App. LEXIS 946, at *11 (Tex. App.—Fort Worth Jan. 31, 2013, no pet. h.) (mem. op.) (holding that because appellant did not timely file her motion to reinstate, "the trial court could not have erred by failing to grant it"); *Lewis v. Capital One Auto Fin.*, No. 01-10-00447-CV, 2011 Tex. App. LEXIS 5845, at *12 (Tex. App.—Houston [1st Dist.] Jul. 28, 2011, no pet.) (holding that because appellants "failed to file their motion to reinstate by the 30-day deadline, the trial court did not abuse its discretion by allowing their motion to reinstate to be overruled by operation of law").