In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00199-CV
_____

**GARY RAY SANGSTER, Appellant**

**V.**

**JARROD L. WALKER, Appellee**

_____

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-11-11562 CV**
_____

**MEMORANDUM OPINION**

This appeal arises from the trial court's dismissal of a lawsuit for want of

prosecution. After the trial court dismissed Gary Ray Sangster's case, Sangster

filed a verified[1] motion to reinstate, and he also requested an oral hearing on his

---

[1] Sangster's motion was timely, as it was filed within thirty days of the date
the trial court ordered the case dismissed. Sangster's verification satisfies the jurat
requirements that are applicable to inmates, as inmates are permitted to file
unsworn declarations in lieu of written sworn declarations to verify their motions.
Tex. Civ. Prac. & Rem. Code Ann. § 132.001(e) (West Supp. 2014), *see also Gray*

1

motion. The trial court did not conduct an oral hearing on Sangster's motion. Sangster contends the trial court erred when it dismissed his case and when it failed to grant his motion to reinstate. We reverse the trial court's order of dismissal.

Background

On January 24, 2014, the trial court dismissed Sangster's case for want of prosecution. During the docket call, the trial court noted that there had been "no action since January [2013]." The trial court noted on the docket sheet that its dismissal resulted from the "non-appearance of any party and/or for failure to comply with this Court's orders[.]"

After his case was dismissed, Sangster timely filed a motion to reinstate. *See* Tex. R. Civ. P. 165a(3). Although Sangster requested that the trial court set his motion for an oral hearing, the trial court did not do so. The record before us does not show that the trial court ruled on Sangster's motion to reinstate. In his motion, Sangster argued that he never received notice that the court intended to dismiss his case. Sangster contends that his failure to appear was not intentional; instead, he asserts his failure to appear resulted from the clerk's failure to notify him of the docket call. Sangster contends that he is ready for trial, although he indicates that

*v. Gray*, No. 09-14-00332-CV, 2015 Tex. App. LEXIS 3232, **5-10 (Tex. App.—Beaumont Apr. 2, 2015, no pet. h.).

he still needs to discover the name of an investigator that might be needed as a witness at trial.

In four issues, Sangster asserts the trial court's order dismissing his suit should be reversed. In his fifth issue, Sangster argues that the trial court abused its discretion by failing to grant his motion to reinstate.

## Standard of Review

We review a trial court's ruling dismissing a case for want of prosecution and a court's ruling on a motion to reinstate under an abuse of discretion standard. *See Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (per curiam). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## Analysis

Rule 165a(1) of the Texas Rules of Civil Procedure requires that trial courts notify the parties of the "court's intention to dismiss and the date and place of the dismissal hearing . . . ." Tex. R. Civ. P. 165a(1). A failure to provide adequate notice to the plaintiff that the trial court intends to dismiss the case for want of

prosecution requires the trial court's order to be reversed. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

A trial court may also dismiss "independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Villarreal*, 994 S.W.2d at 630. Nevertheless, a trial court's exercise of its inherent common law powers still requires the court to provide a party with notice and an opportunity to be heard before dismissing a case for want of prosecution. *Id.* Thus, regardless of whether the dismissal of Sangster's case was based on the trial court's inherent authority or on Rule 165a, Sangster was entitled to be sent notice of the dismissal hearing. *See id.*

Once dismissed, Rule 165a(3) of the Texas Rules of Civil Procedure provides that upon the filing of a timely verified motion to reinstate, the judge "shall set a hearing on the motion as soon as practicable" and "[t]he court shall notify all parties or their attorneys of record of the date, time and place of the hearing." Tex. R. Civ. P. 165a(3). The Texas Supreme Court has held that "'it is clear that an oral hearing is required on *any* timely filed motion to reinstate under rule 165a.'" *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (quoting *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988)).

4

Sangster filed his motion to reinstate in a timely manner. A trial court abuses its discretion when it fails to hold an oral hearing on a party's timely filed motion to reinstate. *Thordson*, 815 S.W.2d at 550.

According to the appellee, Jarrod L. Walker, the record is silent on the question of whether the clerk notified Sangster that his case might be dismissed. However, the record demonstrates that the trial court did not conduct an oral hearing on Sangster's motion to reinstate. And, the only evidence in the record indicates that Sangster never received the notice contemplated by Rule 165a(1). *See* Tex. R. Civ. P. 165a(1). There is also no evidence that the clerk sent Sangster notice of the dismissal hearing.

"While some courts have indicated that due process concerns over what suffices for sufficient notice are satisfied by providing a party with the order of dismissal and then subsequently giving the party an opportunity to address the merits of the dismissal at a hearing, no comparable opportunity to be heard occurred here." *Durbin v. Muchow*, 309 S.W.3d 758, 761 (Tex. App.—Beaumont 2010, no pet.). In this case, the record shows that Sangster did not receive notice of the dismissal hearing before the court dismissed his case, nor did Sangster receive a subsequent hearing on his motion to reinstate, despite his request for one.

Because the record before us does not show that Sangster received notice of the trial court's intent to dismiss his case, we reverse the trial court's order of dismissal and we remand the case to the trial court with instructions to reinstate his case.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on December 29, 2014
Opinion Delivered August 27, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.

6