In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00136-CV**
_____

**AUTUMN BONIFAZI, Appellant**

**V.**

**GARY MICHAEL BIRCH, Appellee**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-03-02210-CV**

**MEMORANDUM OPINION**

This appeal is from the trial court's dismissal for want of prosecution of a petition to modify the parent-child relationship filed by Autumn Bonifazi. In two issues, Bonifazi contends the trial court erred in denying her motion to reinstate the case and in denying her motion without an oral hearing. We reverse the trial court's order of dismissal.

1

## Background

On December 9, 2013, the trial court dismissed Bonifazi's modification for want of prosecution. The court's order stated, "Autumn Bonifazi and her attorney failed to appear and also failed to submit a proposed final order." The trial court's docket sheet shows that on December 2, 2013, the court noted that counsel for Birch appeared for entry of enforcement order, but counsel for Bonifazi did not appear. A notation on the docket sheet further indicates that on that same day, the court "advised that case on modification is set for entry or DWOP on 12-9-13[.]"There is no indication in the record that Bonifazi or her counsel was given notice of the December 9, 2013 setting or that her case might be dismissed. The court's docket sheet indicates that on December 9, 2013, counsel for Birch appeared, but that neither Bonifazi nor her counsel was present at the hearing.

On January 7, 2014, Bonifazi filed a verified motion to reinstate her case on the court's docket.[1] In the motion, Bonifazi's attorney swore that he did not receive notice that the case had been set for entry or DWOP on December 9, 2013, and that is why he failed to appear. He averred that his failure to appear was not intentional or the result of conscious indifference. Bonifazi's attorney requested the court to reinstate Bonifazi's case. He also filed a request for an oral hearing on the motion

---

[1] Bonifazi's motion to reinstate was timely filed within thirty days of the date the trial court ordered the case dismissed. *See* Tex. R. Civ. P. 165a(3).

2

to reinstate at the "[c]ourt's earliest convenience." Birch did not file a response to Bonifazi's motion to reinstate. Bonifazi's motion for reinstatement was overruled by operation of law.[2] Bonifazi filed her notice of appeal.

## Standard of Review

We review a trial court's judgment dismissing a case for want of prosecution and a court's ruling on a motion to reinstate under an abuse of discretion standard. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.— Dallas 2001, pet. denied) (per curiam). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## Dismissal for Want of Prosecution and Reinstatement

A trial court's authority to dismiss a suit for want of prosecution arises from Rule 165a of the Texas Rules of Civil Procedure and the court's inherent power.

---

[2] In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, the motion shall be deemed overruled by operation of law. *See* Tex. R. Civ. P. 165a(3).

*Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); Tex. R. Civ. P. 165a. According to Rule 165a, the trial court may dismiss a case for want of prosecution on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or when the case is not disposed of within the time standards promulgated by the Texas Supreme Court. Tex. R. Civ. P. 165a(1), (2). Further, the common law grants a trial court "the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Villarreal*, 994 S.W.2d at 630; *see* Tex. R. Civ. P. 165a(4). A trial court is required to notify the parties of its intention to dismiss a case and give the parties an opportunity to be heard before dismissing a case for want of prosecution. *See Villarreal*, 994 S.W.2d at 630; Tex. R. Civ. P. 165a(1). The only evidence in the record indicates that Bonifazi did not receive the notice contemplated by Rule 165a(1). *See* Tex. R. Civ. P. 165a(1). There is also no evidence that the clerk of the court sent Bonifazi notice of the dismissal hearing.

Once a trial court dismisses a case for want of prosecution, Rule 165a provides the procedures and standards for reinstatement that the trial court must employ whether the dismissal was rule-based or based on the trial court's inherent powers. *See* Tex. R. Civ. P. 165a(3), (4); *see also Brown Mech. Servs., Inc. v.*

4

*Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 n. 1 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Capetta*, 222 S.W.3d at 165-66. Upon receiving a timely-filed, properly verified motion to reinstate the case, the trial court "shall set a hearing on the motion as soon as practicable" and "shall notify all parties or their attorneys of record of the date, time and place of the hearing." Tex. R. Civ. P. 165a(3). The Texas Supreme Court has explained that it is not within the discretion of the trial court to fail to hold a hearing on a timely-filed, properly verified motion to reinstate. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam); *see Smith v. McKee*, 145 S.W.3d 299, 305 (Tex. App.—Fort Worth 2004, no pet.). Here, it is undisputed that Bonifazi filed a timely, properly verified motion to reinstate and properly requested an oral hearing on the motion. The record demonstrates that the trial court did not conduct an oral hearing on Bonifazi's motion to reinstate.[3] Based on the record before us, we conclude the trial court failed to hold an oral hearing on Bonifazi's motion to reinstate her case

---

[3] There is a computer printout in the clerk's record that appears to be from the court's case management system. On the printout, there is a comment dated February 6, 2014, which seems to suggest that Bonifazi's counsel passed the hearing on the motion to reinstate. We note that Birch does not contend that Bonifazi waived the hearing on her motion to reinstate. The reference in the record is itself unclear, and there is no indication from whom the comment originated, why it was made, or what precisely is meant by the comment. This reference alone is insufficient to show that Bonifazi affirmatively waived her right to an oral hearing on her motion to reinstate her case.

and, therefore, abused its discretion. *See Thordson*, 815 S.W.2d at 550; *see also Smith*, 145 S.W.3d at 305-06.

In this case, Bonifazi did not receive notice of the dismissal hearing before the court dismissed her case, and she did not receive an oral hearing on her motion to reinstate despite her request for one. Thus, Bonifazi had no opportunity to be heard on the merits of the trial court's dismissal of her case.

> While some courts have indicated that due process concerns over what suffices for sufficient notice are satisfied by providing a party with the order of dismissal and then subsequently giving the party an opportunity to address the merits of the dismissal at a hearing, no comparable opportunity to be heard occurred here.

*Durbin v. Muchow*, 309 S.W.3d 758, 761 (Tex. App.—Beaumont 2010, no pet.). Because Bonifazi did not receive notice of the trial court's intent to dismiss before the trial court dismissed her case, we reverse the trial court's order of dismissal and remand the case to the trial court with instructions to reinstate the case. *See Villarreal*, 994 S.W.2d at 630 ("The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal."); *see also Sangster v. Walker*, No. 09-14-00199-CV, 2015 WL 5042142, at *2 (Tex. App.—Beaumont Aug. 27, 2015, no pet.) (mem. op.); *Durbin*, 309 S.W.3d at 761-62.

6

REVERSED AND REMANDED.

                                        _____

                                              CHARLES KREGER
                                                  Justice

Submitted on December 8, 2014
Opinion Delivered December 10, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.