**Mendy WELBORN, Appellant**

v.

**FERRELL ENTERPRISES, INC., et al., Appellees.**[1]

No. 05–10–01647–CV.

Court of Appeals of Texas, Dallas.

Aug. 2, 2012.

Rehearing Overruled Sept. 28, 2012.

---

1. The appellees are: (1) Ricky Hart, deceased; (2) Ferrill Enterprises, Inc., incorrectly identified as "Ferrell Enterprises, Inc."; (3) Robert Arsenault; and (4) American Medical Response of Texas, Inc.

Larry R. Wright, Larry R. Wright, P.C., Winnsboro, TX, for Appellant.

Reuben R. Rios, Johnson Robinson Fifield, P.C., David M. Weaver, Burford & Ryburn, LLP, Sarah Holley Long, Gregory R. Ave, Walters, Balido & Crain, LLP, John M. Cox, John M. Cox & Associates, P.C., Erik E. Ekvall, Dallas, TX, Coby Dean Smith, Brackett & Ellis, P.C., Fort Worth, TX, for Appellees.

Before Justices BRIDGES, FRANCIS, and LANG.

## OPINION

Opinion By Justice BRIDGES.

Appellant Mendy Welborn appeals from the trial court's denial of her motion to reinstate. In four issues, Welborn contends the trial court erred by: (1) denying her motion to reinstate because the order of dismissal for want of prosecution dated July 14, 2008 was void since the notice to show cause was improper and since it purported to be a final judgment; (2) denying her motion to reinstate because it applied an incorrect standard of conduct and abused its discretion in applying the incorrect standard; (3) sustaining objections to relevant evidence of her proof of conduct; and (4) refusing to enter an order on her motion for rehearing on order denying motion to reinstate and/or motion for new trial because it had plenary power and it was an abuse of discretion not to grant the motion. We affirm.

## BACKGROUND

In April 2000, Ricky Hart and Robert Arsenault were driving motorcycles when they were involved in an accident. Hart was killed. Welborn was a passenger on Arsenault's bike and was injured. As Welborn was being transported to the hospital in an ambulance operated by American Medical Response of Texas, Inc., the ambulance was involved in an accident.

Hart's family sued Arsenault, Ferrill Enterprises, Inc., and Ferrill Lawson[2] in Johnson County alleging that Arsenault had been drinking at Ferrill's Lounge and was intoxicated at the time of the accident. Over a year later, Welborn intervened in that action, asserting claims against the Hart family, the Ferrill defendants, Arsenault, and American Medical. American Medical moved to sever and transfer venue of Welborn's claims to Dallas County. Its motion was granted, and the Johnson County court ordered Welborn's claims against all defendants transferred to Dallas County.

2. Appellees Ferrill Enterprises, Inc. and Ferrill Lawson are spelled inconsistently throughout the record and briefs as "Ferrill" and "Ferrell." This appeal was filed as "Ferrel." Based on our review of the record, however, it appears the correct spelling is "Ferrill" and that is the spelling we use in the body of the opinion.

When the case arrived in Dallas County, it was docketed as "*Carolyn Hart, et al. v. Ferrill Enterprises, Inc., et al.*"—the same style as the lawsuit in Johnson County. In the meantime, the Hart family moved to dismiss the Johnson County lawsuit after settling with the Ferrill defendants and Arsenault. They also moved to dismiss their claims against these defendants in the Dallas County lawsuit. Apparently, not realizing that Welborn's claims were separate, the Dallas County court dismissed all claims of all parties in April 2003 and closed and archived the file. Meanwhile, American Medical and Welborn continued to prepare for trial in the Dallas County lawsuit without realizing that Welborn's claims had been dismissed. The parties learned of the dismissal a few months later.

The trial court was eventually alerted to the error in docketing and held a status conference five years later. After the hearing, the court announced that it planned to dismiss Welborn's case for want of prosecution based on the court's inherent powers. Instead, however, the court notified the parties that it would hold a show cause hearing to determine whether there was a reason to dismiss Welborn's case "for want of prosecution." On the date of the hearing, Welborn's attorney filed a motion for continuance stating that Welborn, who lived in Pennsylvania, was unable to attend and offer evidence because of a conflicting medical appointment in Pennsylvania. The trial court denied the motion for continuance and dismissed the case for want of prosecution pursuant to rule 165a and for lack of due diligence.

Welborn appealed the decision, and this Court issued an opinion remanding the cause back to the trial court so it could conduct a hearing on Welborn's motion to reinstate. *Welborn v. American Medical Response of Texas, Inc.,* 313 S.W.3d 884 (Tex.App.-Dallas 2010, no pet.). In accordance with our opinion, the trial court held a hearing on Welborn's motion to reinstate. Following the hearing, the trial court denied the motion. Welborn filed a motion for rehearing on order denying motion to reinstate and/or motion for new trial, and the trial court conducted a hearing on the motion for rehearing but issued no written order. Welborn then filed her notice of appeal.

## ANALYSIS

### A. Welborn's First Issue

■ In her first issue, Welborn contends "the trial court erred in denying her motion to reinstate because the order of dismissal for want of prosecution dated July 14, 2008 was void since the notice to show cause was improper and since it purported to be a final judgment." We review a dismissal for want of prosecution and the denial of a motion to reinstate under an abuse of discretion standard. *See Franklin v. Sherman Indep. School Dist.,* 53 S.W.3d 398, 401 (Tex.App.-Dallas 2001, pet. denied).

### 1. Notice

■ With regard to notice, Welborn specifically complains that the trial court committed error when it invoked both Rule 165a and its inherent authority to dismiss for lack of due diligence rather than to dismiss for "want of prosecution" as stated in the notice to show cause. In the present case, the trial court afforded Welborn a thorough oral hearing on her motion to reinstate. Courts that have addressed this issue, including this Court, have uniformly held that when the trial court holds a hearing on a motion to reinstate while the court had full control of its judgment, and the dismissed party thereby receives the same hearing with the same burden of proof it would have had before the order of dismissal was signed, no

harmful error is shown. *See, e.g., Franklin*, 53 S.W.3d at 403; *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 128–29 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex.App.-Texarkana 1995, writ denied); *Texas Soc'y Daughters of the Am. Revolution, Inc. v. Estate of Hubbard*, 768 S.W.2d 858, 861–62 (Tex.App.-Texarkana 1989, no writ). Likewise, the motion to reinstate ensures that the dismissed party has received due process, because participation in the reinstatement hearing (as here) cures any due process concerns. *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 741 (Tex.App.-Waco 2005, pet. denied); *Jimenez*, 999 S.W.2d at 129. We conclude the post-dismissal hearing rendered any error by the trial court harmless and, thus, we overrule this portion of Welborn's first issue. *See Franklin*, 53 S.W.3d at 404.

### 2. *Wording of Final Judgment*

We next turn to Welborn's argument that the trial court abused its discretion because the order of dismissal purported to be a final judgment. In particular, Welborn complains of the following language in the order:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Order disposes of all parties, all claims, is final and appealable, and that all relief not expressly granted is hereby denied.

Appellees agree that removal of this language is warranted. We, therefore, order the trial court's judgment to be modified by removing the foregoing language. *See* Tex.R.App. P. 43.2(b).

### B. Welborn's Second Issue

■ In her second issue, Welborn argues the trial court erred in denying her motion to reinstate because it applied an incorrect standard of conduct when dismissing her case and abused its discretion in applying the incorrect standard. As we have already noted, we review the denial of a motion to reinstate under an abuse of discretion standard. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex.1995); *Franklin*, 53 S.W.3d at 401. To determine whether there is an abuse of discretion, the reviewing court must determine whether the trial court acted without reference to any guiding rules and principles. *See Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986).

■ The trial judge's authority to dismiss a case for want of prosecution derives from two sources: Rule 165a of the Texas Rules of Civil Procedure and the court's inherent power. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). Rule 165a provides that a case may be dismissed for want of prosecution when (i) any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or (ii) the case is not disposed of within the time standards promulgated by the Texas Supreme Court under its Administrative Rules. Tex.R. Civ. P. 165a(1), (2); *Villarreal*, 994 S.W.2d at 630. A trial judge may also dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute her case with reasonable diligence. *See Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976). Here, the trial court dismissed the case pursuant to both Rule 165a and its inherent authority.

Welborn argues "it is clear she did not intentionally ignore her case and that she was not consciously indifferent about what happened to her case." *See Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex.App.-San Antonio 2006, no pet.). Therefore, she concludes, "the trial court misapplied the applicable standard of measurement and should have granted Welborn's motion to reinstate her claims." We disagree.

In determining whether a party prosecuted her case with reasonable diligence, the judge may consider a variety of issues, including the entire history of the litigation, periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time. *See Lopez v. Harding,* 68 S.W.3d 78, 80 n. 2 (Tex.App.-Dallas 2001, no pet.) (citing *State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984); *Jimenez,* 999 S.W.2d at 129; *Frenzel v. Browning–Ferris Indus. Inc.,* 780 S.W.2d 844, 845 (Tex.App.-Houston [14th Dist.] 1989, no writ)). *See also Eustice v. Grandy's,* 827 S.W.2d 12, 14 (Tex.App.-Dallas 1992, no writ) (When reviewing a case for want of prosecution, the court may consider the entire history of the proceeding in determining whether to reinstate the action.).

In her brief, Welborn argues she was not at fault for the delay, because the "real 'accident or mistake' was made by the trial court and its clerks, all done without the knowledge or participation of Welborn." Although Welborn does not specifically lay out what the trial court's "accident or mistake" was in this section of her brief, we presume she is referring to the trial court's mistaken dismissal of her case in April 2003.

We first note Welborn's counsel, Larry Wright, received notice that Welborn's case had been dismissed and removed from the trial court's docket from one of the other lawyers on the case.[3] That letter was dated July 29, 2003. Welborn states she later discharged Wright and retained Robert Lenz to represent her. Almost 18 months later, on January 20, 2005, Lenz sent the trial court a letter, notifying the court of the mistaken dismissal and requesting a status update on her lawsuit in light of the improper dismissal. Welborn states Lenz resigned in August 2005, and that her subsequent lawyer resigned in 2008.

The record before us contains a February 2008 letter from the State Bar of Texas to Welborn's initial lawyer, Wright. This letter was marked received by the trial court on May 8, 2008, nearly five years after Welborn received notice of the mistaken dismissal. In the letter, the State Bar indicates Welborn had contacted the Client–Attorney Assistance Program, expressing concerns about Wright's representation of her in the legal matter. The letter further advised Wright to contact Welborn about the matter. The trial court held a status conference on May 20, 2008, and issued its notice of show cause hearing on June 6, 2008. The notice set the case to show cause why the case "should not be dismissed for want of prosecution."

On the date of the scheduled show cause hearing, July 14, 2008, Wright filed a motion for continuance of show cause hearing.[4] Instead of hearing the motion to show cause hearing, as noticed over a month before the setting, the trial court heard Welborn's motion for continuance and the motion to dismiss. At the hearing, Wright argued the continuance was necessary because Welborn was unable to attend the scheduled show cause hearing due to her "physical condition and needs for medical care." On the same day, the trial court denied Welborn's motion for continuance and dismissed her case for want of prosecution pursuant to Rule 165a and for lack of due diligence.

Given the unexplained delays, long periods of inactivity, and the entire record

---

**3.** David Weaver, counsel for American Medical Response of Texas, Inc., authored the letter.

**4.** An affidavit of Larry Wright, attached to the motion for continuance, states, "Since I had never formally withdrawn as counsel of record following my discharge, Mendy Welborn contacted me and I agreed to represent her."

before us, we conclude the trial court acted in accordance with guiding rules and principles in refusing to reinstate this case. *See Eustice,* 827 S.W.2d at 15. There was no abuse of discretion. *See Smith,* 913 S.W.2d at 468; *Franklin,* 53 S.W.3d at 401. We, therefore, overrule Welborn's second issue.

## C. Welborn's Third Issue

■ In her third issue, Welborn contends the trial court erred in sustaining objections to relevant evidence of Welborn's proof of conduct during the hearing on her motion to reinstate. We use the abuse of discretion standard to review a trial court's rulings on objections to admissibility of evidence. *Whirlpool Corp. v. Camacho,* 298 S.W.3d 631, 638 (Tex.2009).

### 1. Welborn's Testimony Concerning Her Injuries

First, Welborn complains the trial court erred by not considering her physical, emotional and economic limitations as they related to her conduct in prosecuting her case. In particular, Welborn complains about the following exchange:

Q. Can you tell us the injuries, summarize them as best you can, the types of injuries you had from those two accidents?

MR. SMITH: Excuse me, Your Honor. I don't see the relevance of the injuries—

. . .

THE COURT: What's the legal basis of your objection?

MR. SMITH: Relevance.

THE COURT: What's the relevance, Mr. Wright?

MR. WRIGHT: A part of the problem has resulted in the delays or from her surgeries and the medications she's been on from the injuries.

THE COURT: Is this set forth in the Motion to Reinstate?

MR. WRIGHT: It's part of the evidence we're presenting to support it, yes.

. . .

THE COURT: Okay. And so where in that motion are the matters relating to her injuries and the medication she's on presented? I've just looked over it briefly, and I don't see it. But tell me if you see it's there. I'm sure you looked at it before today's hearing.

MR. WRIGHT: Well, I think under the general rule, the Court is entitled to consider evidence of the conduct of the parties related to the case. And her physical injuries and the treatment of those injuries is a very relevant part of what she was able to do for herself in efforts to pursue her case.

THE COURT: The objection is sustained.

Welborn argues it was error to deny her the opportunity to explain how her health and finances limited her ability to pursue her claim or at least the investigation of why she had no claim. However, we agree with the trial court that Welborn's 2008 motion for reinstatement does not raise the issue of how her health and finances may have limited her ability to pursue her claim. Therefore, we conclude it was reasonable for the trial court to conclude the evidence would not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Tex.R. Evid. 401 (defining "relevant evidence").

In addition, Welborn admits in her brief that the trial court admitted her exhibit "that includes pages of notes made by Welborn that reflect *much of the same information* in context of what she did and when she did it with respect to pursuing her lawsuit and trying to get it back in court." (emphasis added). Thus, even if

the testimony was relevant, the trial court properly excluded it when it was merely the presentation of cumulative evidence. *See* TEX.R. EVID. 403.

### 2. Welborn's Testimony Regarding Her Husband's Incarceration

 Welborn next complains the trial court erred when it sustained a relevance objection to Welborn testifying that her husband [5] was incarcerated for his drunk driving. She argues it was error for the court "to refuse to allow Welborn to testify about the absence of her husband and the effect of loss of his income and support on her efforts to prosecute her case." Again, the trial court noted, and we agree, that Welborn's 2008 motion to reinstate does not raise her husband's incarceration as a factor in her inability to move forward with her case. Thus, we conclude it was reasonable for the trial court to determine the proposed evidence was irrelevant and cumulative. *See* TEX.R. EVID. 401, 403.

### 3. Arsenault's Testimony Regarding Welborn's Condition

Finally, Welborn complains that the trial court erred in sustaining a relevance objection to Arsenault's testimony regarding his observations and opinions of her physical, emotional, and financial abilities and how they affected her work on her case. Welborn contends his testimony was relevant to corroborate her testimony on the same issues and should have been allowed as evidence of whether her conduct was reasonable.

Again, Welborn's 2008 motion for reinstatement does not raise the issue of how her health and finances may have limited her ability to pursue her claim. Therefore, we conclude it was reasonable for the trial court to determine the evidence was

irrelevant and cumulative. *See* TEX.R. EVID. 401, 403.

We further conclude the trial court did not abuse its discretion and overrule Welborn's third issue. *See Camacho*, 298 S.W.3d at 638.

### 4. Welborn's Fourth Issue

In her fourth issue, Welborn argues the "trial court erred in refusing to enter an order on [her] motion for rehearing on order denying motion to reinstate and/or motion for new trial because it did have plenary power and it was an abuse of discretion not to grant the motion." We first note that Welborn has cited us to no authority, and we have found none, which requires a trial court to rule on the motion(s) at issue here. Welborn's motion was styled as both a "motion for new trial" and/or a "motion for rehearing." The Texas Rules of Civil Procedure provide that, when no written order is issued, the motions are overruled by operation of law. *See* TEX.R. CIV. P. 165a(3), 329b(c) (motion to reinstate and motion for new trial). We conclude the trial court did not err in refusing to rule on the motions and did not abuse its discretion in denying Welborn's motion to reinstate. *See id.; Smith*, 913 S.W.2d at 468; *Franklin*, 53 S.W.3d at 401. We overrule Welborn's fourth issue.

### CONCLUSION

We modify the judgment of the trial court by removing the language which states, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Order disposes of all parties, all claims, is final and appealable, and that all relief not expressly granted is hereby denied." As

---

5. Welborn married Robert Arsenault, the driver of the motorcycle on which she was a passenger.

modified, we affirm the judgment of the trial court.