In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-16-00124-CV**

**AUTUMN BONIFAZI, Appellant**

**V.**

**GARY MICHAEL BIRCH, Appellee**

_____

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-03-02210-CV**

_____

**MEMORANDUM OPINION**

Appellant Autumn Bonifazi[1] complains that the trial court erred in dismissing this case rather than reinstating it pursuant to this Court's mandate. *See Bonifazi v. Birch*, No. 09-14-00136-CV, 2015 WL 8476572, at *3 (Tex. App.—Beaumont Dec. 10, 2015, no pet.) (mem. op.). We agree that the trial court was obligated to enforce our mandate in cause number 09-14-00136-CV, but the record shows that the trial court did so by providing Bonifazi with notice of its intent to

---

[1]The record shows that Autumn Bonifazi is also known as Autumn Birch.

dismiss her case and by conducting a hearing on her motion to retain, allowing Bonifazi an opportunity to address the merits of the dismissal. Because the record shows that the trial court did not abuse its discretion by denying Bonifazi's motion to retain and by dismissing her case, we overrule Bonifazi's sole issue and affirm the trial court's order of dismissal.

Background

On December 10, 2015, this Court reversed the trial court's order dismissing Bonifazi's petition to modify the parent-child relationship. Bonifazi did not receive notice of the dismissal hearing prior to the trial court dismissing her case, and she did not receive an oral hearing on her motion to reinstate. *See id.* at \*\*2-3. Because the trial court denied Bonifazi the opportunity to be heard on the merits of the trial court's dismissal of her case, this Court issued a mandate, reversing the trial court's order of dismissal and ordering that the cause be remanded to the trial court for further proceedings consistent with this Court's opinion.

The trial court conducted a hearing on March 11, 2016. During the hearing, the trial court noted that on November 7, 2013, both parties were present with their attorneys in front of Judge Robin and the parties put an agreement on the record. Judge Robin accepted the agreement and reset the parties to appear on November 21, 2013, to enter the modification order that Bonifazi's attorney agreed to prepare.

2

The record shows that Bonifazi's attorney admitted that he failed to appear on November 21 to submit a modification order for the Court's signature. Although Bonifazi's attorney claimed that he did not have notice of the November 21 hearing, the transcript from the November 7 hearing shows that Judge Robin told Bonifazi and her attorney that the modification order was set for entry on November 21 at 9:00 a.m., and that "[i]f everybody signs off, you don't have to be here. If you don't sign off and there are issues about drafting, then y'all need to be here on the 21st." Bonifazi's attorney represented to the trial court that he had "no recollection of that appearance and certainly would not have represented anything to the contrary to this court or any other court had I recalled that."

Judge Robin then reset the hearing to December 2. Bonifazi's attorney also failed to appear at this hearing, and represented to the trial court that he did not think he needed to appear since he had signed the enforcement order which had already been approved. The trial judge stated that Bonifazi's attorney's explanation "certainly suggests, in my mind, to the Court that you didn't have any interest in getting any other orders signed." Again, Bonifazi's attorney claimed to "have no recollection of that notice of entry or I certainly would have been here and that's obviously my error." The trial court set Bonifazi's case for entry or dismissal on December 9, and when Bonifazi and her attorney failed to appear for the third

3

time, the trial court dismissed her case. Bonifazi's attorney filed a motion to reinstate on January 7, 2014. The trial court's file indicates that the court's coordinator contacted Bonifazi's attorney and left a voicemail stating that the motion to reinstate was set for a hearing on February 6, 2014; however, Bonifazi's attorney claimed that he did not receive the message and had no notice of the hearing. Bonifazi's attorney admitted that he made no attempt to get a hearing date after he filed his motion to reinstate. After hearing Bonifazi's attorney's explanation, the court dismissed Bonifazi's case for want of prosecution without prejudice.

The trial court issued findings of fact and conclusions of law. The trial court found that Bonifazi's attorney was supposed to draft a modification order and that Bonifazi and her attorney were instructed that if everyone had not signed off on the proposed order, they were to appear on November 21. The trial court found that no orders were submitted to the Court on November 21. The trial court further found that no proposed order in the modification case was submitted to the Court on December 2 or December 9. The trial court concluded that Bonifazi did not prosecute her case with due diligence and that there were no excuses for the failure of Bonifazi or her attorney to submit a proposed order signed by all attorneys or parties pursuant to the agreement reached on November 7. Bonifazi appeals the

4

trial court's order dismissing her case for want of prosecution, complaining that the trial court erred by denying her motion to reinstate.

Analysis

We review a trial court's ruling on a motion to reinstate following dismissal for want of prosecution for abuse of discretion. *See Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Welborn v. Ferrell Enters., Inc.*, 376 S.W.3d 902, 906 (Tex. App.—Dallas 2012, no pet.). When reviewing the trial court's decision on a motion to reinstate, we consider the entire record, including the findings of fact and conclusions of law and the procedural history of the case as reflected in the record. *Preslar v. Garcia*, No. 03-13-00449-CV, 2014 WL 824201, at *1 (Tex. App.—Austin Feb. 26, 2014, no pet.) (mem. op.).

A trial court may dismiss for want of prosecution pursuant to Rule 165a of the Texas Rules of Civil Procedure for two reasons: (1) failure to appear, or (2) failure to comply with the Supreme Court time standards. *See* Tex. R. Civ. P. 165a(1), (2). Additionally, subdivision four of Rule 165a provides that the trial court has inherent power to dismiss a case for want of prosecution. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) ("[T]he common

5

law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence."); *see also* Tex. R. Civ. P. 165a(4). Before a trial court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority, it must provide a party with notice and an opportunity to be heard. *Villarreal*, 994 S.W.2d at 630.

Due process concerns are satisfied by providing a party with the order of dismissal and then subsequently giving the party an opportunity to address the merits of the dismissal at a hearing. *Durbin v. Muchow*, 309 S.W.3d 758, 761 (Tex. App.—Beaumont 2010, no pet.). We note that the trial court's failure to comply with the notice and hearings requirements of Rule 165a the first time it dismissed Bonifazi's case did not require the trial court to reinstate the case. *See Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 404 (Tex. App.—Dallas 2001, pet. denied). It only required that Bonifazi be afforded essentially the same hearing after dismissal that she should have received prior to dismissal. *See id.* The record shows that Bonifazi was provided with notice of the trial court's intent to dismiss and an opportunity to be heard. Therefore, the record supports the trial court's finding that "this Court reinstated the case and on February 23, 2016, issued a Notice of Intent to Dismiss with a hearing set for March 11, 2016 at 9:00 a.m."

6

The complaining party has the burden to bring forth a record to support its contention of due diligence. *See Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.); *Preslar*, 2014 WL 824201, at *1. During the hearing on Bonifazi's motion to reinstate, Bonifazi's attorney failed to provide a reasonable explanation for his delay in presenting the proposed modification order to the court. *See Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). The trial court emphasized that it had made four different attempts to get Bonifazi's agreed modification order entered, and concluded that Bonifazi did not prosecute her case with due diligence and that there were no excuses for the failure of Bonifazi or her attorney to submit a proposed order signed by all attorneys or parties pursuant to the Rule 11 agreement reached on November 7.

While Bonifazi contends in her motion to retain that the trial court's file reflects that she filed a proposed modification order on January 17, 2014, and on March 4, 2016, the clerk's record does not support Bonifazi's contention. The clerk's record contains a computer printout from the trial court's management system, and there are no comments on those dates indicating that Bonifazi filed a proposed modification order. Additionally, the record does not contain a copy of any proposed modification order. As stated above, it was Bonifazi's burden to

bring forth a record to support her contention of due diligence, and the failure to submit a proposed modification order to the trial court for entry, despite the trial court providing several opportunities to do so, reflects a lack of diligence in prosecuting her case. *See Olivas*, 323 S.W.3d at 274; *Preslar*, 2014 WL 824201, at *1.

Given the history of the case, Bonifazi's failure to submit a proposed modification order to the trial judge for entry, and her failure to provide a reasonable explanation for her delay in presenting a proposed order, we hold that Bonifazi has failed to produce evidence showing that she diligently prosecuted her case. *See Welborn*, 376 S.W.3d at 907-08. In addition, we conclude that the trial court acted in accordance with guiding rules and principles in reaching its decision. *See id.* at 906. We further conclude that the trial court did not abuse its discretion in dismissing Bonifazi's case under its inherent authority to dismiss a case not prosecuted with due diligence. *See Villarreal*, 994 S.W.2d at 630. We overrule Bonifazi's sole issue and affirm the trial court's order dismissing Bonifazi's case for want of prosecution.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

8

Submitted on September 6, 2016
Opinion Delivered December 15, 2016

Before McKeithen, C.J., Kreger and Johnson, JJ.