

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00221-CV

_____

CARNISHA CAMPBELL, Appellant

V.

TRISHA HIESERMANN, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-307239-19

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Pro se appellant Carnisha Campbell appeals from the trial court's orders dismissing her suit for want of prosecution and denying her subsequent motion to reinstate. We affirm.

## I. Background

### A. Campbell's Suit

On April 8, 2019, Campbell sued appellee Trisha Hiesermann for negligence arising from a 2018 car accident. Campbell, who was represented by counsel, included discovery requests in her petition. Hiesermann filed an answer on May 10, 2019, with a general denial and a jury demand. The trial judge entered a Level 2 scheduling order, requiring the parties to file a joint pretrial order by February 24, 2020, and setting trial for the week of March 2, 2020.

On December 20, 2019, after an unsuccessful mediation, Campbell's counsel filed a motion to withdraw, in which he stated that Campbell had terminated his services. He also included in the motion a Lewisville apartment address for Campbell. The trial judge granted the motion and ordered that "all notices be served" at Campbell's Lewisville address. The trial court's order did not designate an email address or alternate mailing address for service on Campbell.

The trial court mailed the March 2, 2020 docket setting notice—and, on February 6, 2020, mailed an order setting forth pretrial requirements—to Campbell at the Lewisville address.

On February 7, 2020, Hiesermann filed a motion for continuance, in which she stated that the parties had exchanged some discovery and that Campbell had discharged her counsel after the unsuccessful December 2019 mediation. The motion also stated that in the preceding month, Campbell had been trying to resolve the case with the insurance adjuster but that medical-lien problems and "the attorney retained interest" had "complicated settlement discussions." Hiesermann's counsel believed that the problems could be resolved but not before the scheduled March trial setting. The motion also claimed that depositions needed to be taken but that Campbell had not responded to Hiesermann's counsel's phone calls to schedule them. Additionally, Hiesermann's counsel had undergone hip surgery with a lengthy recovery and was still in physical therapy. The motion's certificate of service states that it was served on Campbell by mail at the Lewisville address.

Hiesermann's counsel also served a notice of hearing on the motion for continuance to Campbell at the Lewisville address. But six days later, Hiesermann's counsel served a separate verification of the continuance motion on Campbell at a new apartment address in Irving. According to Hiesermann's later-filed dismissal motion, Campbell had informed Hiesermann's counsel's assistant by phone that she "was no longer residing at the Lewisville address" and had moved to Irving.

The trial court granted Hiesermann's motion for a continuance.[1] On May 18, 2020, Hiesermann filed a jury demand and paid the fee. The certificate of service states that it was served on Campbell via "e-service" at an email address (First Email). It is unclear from the record how Hiesermann's counsel became aware of the First Email.

Over the next few months, the trial court reset the trial date: first to the week of May 18, 2020, then to the week of September 28, 2020, and finally to the week of April 12, 2021. All of the trial court notices were mailed to Campbell at the Lewisville address. On February 24, 2021, the trial court mailed a docket setting for April 12, 2021, to Campbell at the Lewisville address.

## B. Hiesermann's Motion to Dismiss

On April 8, 2021, Hiesermann filed a motion to dismiss the suit; the certificate of service states that it was served on Campbell at the Irving address and via "E-serve" at the First Email. In the dismissal motion, counsel listed the several times he had attempted to schedule a deposition over the preceding year. The motion and attached exhibits detail Hiesermann's counsel's attempts to keep the suit moving:

- He noticed a March 2020 deposition and mailed it to Campbell via certified mail at both the Lewisville and Irving addresses. Although he called Campbell

---

[1]Although Hiesermann's later-filed motion to dismiss notes that Campbell "did not appear at the hearing," it appears from the record that this hearing was on the filed motion only, not in-person. The trial court's order states, "The Court, upon reviewing the motion, is of the opinion that it is well taken and should be granted."

in advance, she failed to appear. Hiesermann took a certificate of nonappearance. In the record for that certificate, Hiesermann's counsel stated that it was his understanding his office had never received a return showing that Campbell had picked up the letter at either address. He also stated that Campbell had been in contact with the insurance adjuster during the preceding month to discuss resolving the case.

• In an October 2020 letter, he attempted to schedule another deposition for November 2020; he mailed the letter to Campbell at the Irving address only, but he also emailed it to her at the First Email. Campbell responded to the email, stating that she could attend a deposition the week of November 9th. But Hiesermann's counsel could not schedule the deposition that week.

• In December 2020, Hiesermann's counsel sent a letter to Campbell at the Irving address and First Email, asking to schedule a deposition in February 2021, but Campbell never responded. Counsel then noticed a deposition for February 5, 2021, mailing the notice to the Lewisville and Irving addresses and emailing it to the First Email.

• A mailing transaction for the February 2021 deposition notice shows that the delivery at the Irving address was to the "FRONT DESK[ ]RECEPTION[ ]MAIL ROOM." The signature on the signature card is illegible.

5

• A couple of weeks before the scheduled February 2021 deposition, counsel mailed Campbell Zoom instructions to both addresses and the First Email. A mailing transaction list for the Lewisville address shows the delivery as "LEFT WITH INDIVIDUAL at LEWISVILLE, TX." The signature was "C CAMPBELL."

• Campbell failed to appear at the February 2021 deposition, and Hiesermann took a certificate of nonappearance.

Based on the foregoing, the motion sought dismissal under the trial court's inherent authority for Campbell's failure to prosecute the suit with due diligence.

Despite having received a green-card signature and delivery confirmation in January 2021 at the Lewisville address—and despite the trial court's still-effective order that all notices be sent to Campbell at the Lewisville address—Hiesermann's counsel mailed the notice of hearing on the dismissal motion—as he did with the dismissal motion itself—only to the Irving address; he also emailed it to Campbell at the First Email.

The dismissal hearing was set in-person for April 21, 2021. The trial court granted the motion and dismissed Campbell's suit without prejudice. Although it is clear from later proceedings in the record that Campbell did not appear,[2] the dismissal order stated that the trial court had considered not only the motion, but also the

---

[2]At the later hearing on Campbell's motion for reconsideration of the trial court's reinstatement ruling, Hiesermann's counsel told the trial court, "She did not show up."

"evidence[] and arguments of counsel *and Pro-Se Plaintiff*." [Emphasis added.] The order was mailed to Campbell at the Lewisville address the same day.

## C. Campbell's Reinstatement Attempts

### 1. Motion to Reinstate and Response

On May 20, 2021, Campbell filed a motion to reinstate, verified by her former counsel, who also filed a motion to substitute seeking to again appear for Campbell. Counsel averred that Campbell "did not receive notice of the hearing and thus, did not appear." According to the motion, Campbell's failure to appear was an "oversight," and due to accident or mistake rather than conscious indifference. A hearing on the motion was set for June 2021, but the notice did not say whether the hearing would be in-person.

In Hiesermann's unverified response to Campbell's reinstatement motion, Hiesermann's counsel asserted—contrary to the recitals in the dismissal order—that Campbell had not appeared at the April 21, 2021 dismissal hearing. He attached a copy of an email from Campbell to his assistant—from the First Email and dated the day after he filed the dismissal motion—stating that she would like to schedule the deposition and leaving her phone number. He also attached an email from Campbell to him—four minutes later and also from the First Email—stating that she had experienced a lot of pain in her back and knees and was scheduled for surgery "soon." Finally, he attached an email to Campbell at the First Email, in which he stated, "As I believe you are aware, yesterday evening my office filed a Motion to Dismiss for Want

of Prosecution or, in the Alternative, Defendant's Motion for Sanctions, Motion to Compel Deposition, relating to the two previous times your deposition was scheduled and noticed." The email goes on to say, "We will be contacting the court to get a hearing date for the court to hear that motion. And we will advise you when the hearing is scheduled." The email also says that Hiesermann wanted a ruling on the dismissal motion before going forward with a deposition.

Also attached to Hiesermann's response was a printout showing that Campbell had been served with the notice of hearing on the dismissal motion via eFile Texas but that she had not opened the emailed notice; the electronic service address for Campbell is not listed on the printout, however. This document is the only item in the record showing service on Campbell via the electronic filing manager.

Hiesermann also filed an objection to Campbell's former counsel's filing Hiesermann's verified motion. Hiesermann claimed that whether Campbell received notice of the dismissal hearing could not have been within her former counsel's personal knowledge because Campbell was pro se at the time of the dismissal motion's filing. Likewise, Hiesermann contended that Campbell's former counsel could not attest to her state of mind at the time of the dismissal hearing.

The trial court denied Campbell's reinstatement motion. But it did not rule on Hiesermann's separately filed objection.

8

## 2. Reconsideration Motion and Hearing

Campbell then filed a motion for the trial court to reconsider its ruling on the reinstatement motion. Campbell claimed to be suffering from diagnosed mental-health issues and to be undergoing treatment. She also claimed that she had terminated her attorney's services because of bad advice and that she had called the trial court's coordinator about the April 2021 trial setting, only to be told that it had been cancelled because of the COVID-19 pandemic and that she should wait to hear about a new trial date. Campbell did not swear to any of the facts in the motion, but she claimed that she "did not have proper notices of appearances." She listed her street address as an apartment in Irving that was different from the Irving address to which Hiesermann had been mailing correspondence and filings, and she gave a new email address, different from the First Email.

Hiesermann again responded, arguing that Campbell's attempts to give the trial court a new physical address and email address did not advance her lack-of-notice argument, that the record shows that Campbell received actual notice of the dismissal hearing via the First Email, that Campbell had failed to keep the trial court and counsel apprised of her address changes, that Campbell had been validly served through the electronic filing manager regardless of whether she had opened the document, and that the trial court had properly denied the motion to reinstate because Campbell had shown "virtually no willingness to actively engage in this litigation." Hiesermann served the motion to (1) Campbell's former counsel, (2) the First Email

and the new email Campbell identified in her reconsideration motion, and (3) the first Irving address, not the second, different Irving address that Campbell had identified in her reconsideration motion.

The trial court set a hearing on Campbell's reconsideration motion. At the July 8, 2021 reconsideration hearing, the trial court did not formally admit evidence and refused to admit Campbell's proffered medical-records exhibits[3] over Hiesermann's lack-of-foundation objection. The court heard argument from Hiesermann's counsel, who for the most part reiterated the events as set forth in the dismissal motion and in the response to the reinstatement motion, including that Campbell had emailed counsel from the First Email the day after he filed and emailed her the dismissal motion. Counsel told the court, "[W]e have made every effort and gone above and beyond attempting to communicate throughout this case to get depositions, for hearings, everything."

Campbell's counsel stated that Campbell did not dispute Hiesermann's recitation of events but urged that the trial court take into account the totality of the circumstances and her pro se status, "based on all of the issues that she[ was] dealing with in her life in terms of her medical background." Counsel also argued that Campbell's suit was not frivolous in that there were eyewitness reports that Hiesermann T-boned Campbell.

---

[3]Campbell's former counsel represented her at the reconsideration hearing. He contended that the medical records substantiated her claim that she had been experiencing post-traumatic-stress disorder.

10

On the record, the trial judge stated,

> I think that the evidence and the record is clear that the defendant did everything they could in this case to try to move this case along in an expeditious manner and did, in fact, notify your client of different hearings that were taking place and your client chose not to respond.

Thus, the court verbally denied the reinstatement motion.

Campbell then asked to speak, and the trial court allowed her to do so but did not swear her in.[4] Campbell pointed out that Hiesermann's counsel had undergone surgery during the suit, and she argued that both parties were responsible in some part for the delay. She also recognized that she had not understood the importance of depositions and that she had understood from her former counsel that suits can sometimes take "a while" to try. She mentioned the 2020 court shutdown and attributed her discharging her attorney to her mental illness. She denied trying to delay the litigation and claimed that with her mental illness, she had thought she could handle starting a two-degree college program along with managing this suit; she claimed that this burden had caused a "mental crisis."

Campbell told the trial court that she was "completely overwhelmed," that she had lost her home, that she had been depressed, and that she had withdrawn from school. She knew that she had "really messed up" and had not done "everything like a

---

[4]*See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) ("[T]he oath requirement was waived when neither [party] raised any objection in circumstances that clearly indicated each was tendering evidence on the record based on personal knowledge on the sole contested issue.").

11

proper lawyer would do." She also said that she had been "out of [her] mind," unstable, and did not know what she was doing.

After hearing Campbell's argument, the trial judge stated, "My ruling is based on the law," and told Campbell that what she was seeking was an "equitable solution." The trial judge thus verbally denied the motion to reconsider.

Immediately afterward, Campbell reminded the trial judge that Hiesermann had not sent the notice of hearing on the dismissal motion to the correct address. Campbell acknowledged communicating with Hiesermann's counsel by email on April 9, 2021, but she said she had damaged her phone after that and no longer had access to the First Email. She told the trial court, "I feel like I should be aware of a hearing, and so I really wasn't aware of the hearing." Campbell claimed to have found out about the dismissal via phone call from her former attorney.

Although the trial judge let Campbell speak, he did not change his ruling and later signed an order denying the motion to reconsider. The order again cited the motion, the "evidence," and the arguments of the parties. Campbell filed a notice of appeal pro se.

## II. Primary Complaint and Applicable Law

In her brief, Campbell complains that the trial court committed reversible error by granting the motion to dismiss for want of prosecution, and by denying her motion to reinstate the case and motion to reconsider, primarily because she contends that she never received notice of the dismissal motion or hearing. She also expressly

12

contends that she showed good cause for any delay because of the COVID-19 pandemic's shutdown of jury trials.

A party whose case is dismissed for want of prosecution may appeal both the dismissal and the denial of the reinstatement motion. *See Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.). Reinstatement of the underlying suit is warranted if the appellate court determines that the party is entitled to prevail under either theory. *Id.* We review both the dismissal and the refusal to reinstate for an abuse of discretion. *Id.* In reviewing the refusal to reinstate, we must first look to the basis for dismissal. *Id.*

If a plaintiff does not prosecute her suit to a conclusion with reasonable diligence, the trial court may dismiss the suit for want of prosecution. *See In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding). "[D]ismissal for want of prosecution may be obtained by motion of the trial court or on motion of any party to the suit." *In re Seidler Oil & Gas Dev., LLC*, No. 12-22-00009-CV, 2022 WL 1038102, at *2 (Tex. App.—Tyler Apr. 6, 2022, no pet.) (mem. op.); *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 738 (Tex. App.—Waco 2005, pet. denied).

An insufficiently explained delay of unreasonable duration raises a conclusive presumption that the plaintiff abandoned her case. *Conner*, 458 S.W.3d at 534. This presumption justifies dismissal of a suit under either a trial court's inherent authority or Texas Rule of Civil Procedure 165a. *Id.*

Here, Hiesermann's motion sought dismissal only under the trial court's inherent authority for Campbell's alleged lack of diligence in prosecuting her suit. A trial court may consider the following factors in dismissing a case under its inherent authority: (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for delay. *E.g.*, *Ortiz v. Rodriguez*, No. 02-20-00388-CV, 2021 WL 4472623, at *3 (Tex. App.—Fort Worth Sept. 30, 2021, pet. denied) (mem. op.); *Arzate v. Andujo*, 576 S.W.3d 755, 759 (Tex. App.—El Paso 2019, no pet.).

### III. Constructive Notice

Campbell's primary challenge to both the dismissal and denial of reinstatement is that she did not receive adequate notice of the dismissal hearing.

A party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under its inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Laguna Madre Constr. Inc. v. Hope Lumber & Supply Co., LP*, No. 13-17-00263-CV, 2018 WL 3583745, at *4 (Tex. App.—Corpus Christi–Edinburg July 26, 2018, no pet.) (mem. op.). "The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal." *Villarreal*, 994 S.W.2d at 630–31. For due-process purposes, constructive notice is sufficient. *Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

14

Although it is clear from the face of Hiesermann's dismissal motion and notice of hearing that they were not served on Campbell at the address ordered by the trial court—in an order that had not been withdrawn at the time of the filing of the dismissal motion[5]—Hiesermann's counsel served (1) the dismissal motion on Campbell via the First Email, which she admitted was hers and active on April 9, 2021, the day after the dismissal motion's filing, and (2) the notice of hearing on Campbell via the electronic filing manager.[6] *See* Tex. R. Civ. P. 21a (requiring service on party "electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager" but also allowing for service via other means, such as email, when party's address is not on file with the electronic filing manager). Service through the electronic filing manager is complete upon transmission, Tex. R. Civ. P. 21a(b)(3); additionally, constructive notice can be shown by proof that a document was delivered by email to the party at the address the party admittedly used during that time, *see Manning v. Johnson*, 642 S.W.3d 871, 881 (Tex. App.—Texarkana 2021, no pet.); *cf. Nguyen v.*

---

[5]Although Campbell had a continuing duty to specify where trial setting notices should be sent to her, *Withrow v. Schou*, 13 S.W.3d 37, 41–42 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (citing Tex. R. Civ. P. 8, 21a), the trial court never changed its order about where notices to Campbell should be sent, nor did Hiesermann request the trial court to do so.

[6]The record is unclear as to how Campbell's email was on file with the electronic filing manager, but the electronic filing manager printout in the record shows service on Campbell and not her former counsel (whose email was required to be on file with the electronic filing manager).

15

*Nguyen*, No. 02-20-00070-CV, 2021 WL 3796082, at \*10 (Tex. App.—Fort Worth Aug. 26, 2021, no pet.) (mem. op.) (concluding evidence showed request for admissions was received when delivered via electronic filing manager and then opened).

Additionally, although the trial court initially denied Campbell's reinstatement motion, she did receive actual notice of the trial court's dismissal order in time to file a motion to reinstate and motion to reconsider, as well as to participate in a hearing. *See In re Estate of Perez-Muzza*, No. 04-12-00178-CV, 2013 WL 979128, at \*2 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op.) (citing cases uniformly holding that "when the trial court holds a hearing on a motion to reinstate while the court had full control of its judgment, and the dismissed party thereby received the same hearing with the same burden of proof it would have had before the order of dismissal was signed, no harmful error is shown" (quoting *Welborn v. Ferrell Enters., Inc.*, 376 S.W.3d 902, 905–06 (Tex. App.—Dallas 2012, no pet.))); *Jackson v. Thurahan, Inc.*, No. 14-02-00308-CV, 2003 WL 1566386, at \*2 (Tex. App.—Houston [14th Dist.] Mar. 27, 2003, no pet.) (mem. op.) (citing cases with same holding: "that, when the trial court grants essentially the same notice and burden of proof at the hearing on a motion to reinstate, the moving party can establish no harmful error for lack of notice"); *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied). *But cf. Yeoung Jin Kim v. Kim*, No. 02-19-00228-CV, 2020 WL 5047896, at \*8–9 (Tex. App.—Fort Worth Aug. 27, 2020, no pet.) (mem. op.)

16

(holding that reinstatement hearing did not cure any lack-of-notice due-process concerns because movant had no way of knowing that trial court had erroneously relied on Rule of Civil Procedure 151 in dismissing counterclaims); *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 89–90 (Tex. App.—Fort Worth 2002, pet. dism'd) (concluding that plaintiff's due-process rights were violated, despite receiving hearing on reinstatement motion after dismissal, when dismissal notice never informed plaintiff that trial court was considering dismissing under its inherent authority and thus plaintiff did not have adequate opportunity to refute propriety of inherent-authority dismissal at hearing).

We conclude that Campbell has not shown that her due-process rights were violated by a lack of notice of the dismissal motion and hearing.

## IV. Propriety of Dismissal and Denial of Reinstatement

Campbell's reinstatement motion raised the lack of notice issue but also claimed that her failure to appear was due to accident or mistake, which implicitly invokes Rule 165a(3). Tex. R. Civ. P. 165a(3). Although we note that Rule 165a(3)'s reinstatement standard "applies [only] to cases dismissed for failure to appear," rather than to cases dismissing under the trial court's inherent authority, *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 840 (Tex. App.—Fort Worth 1999, no pet.), we need not decide whether Campbell's reinstatement motion was sufficient to challenge the

inherent-authority dismissal on its merits[7] because the trial court afforded her a hearing on her motion, and we conclude it did not abuse its discretion.

At the time of dismissal, the case had been pending twenty-four months from the filing date and twenty-three months from Hiesermann's appearance date.[8] Before Campbell discharged her counsel and he withdrew, the parties had exchanged discovery. Although trial had been scheduled for March 2020, Hiesermann moved in February 2020 to continue that date, in part due to her counsel's hip surgery and subsequent recovery but also because Campbell had been attempting settlement with the insurance adjuster but was having trouble working out medical-lien and attorney's-fees issues. Not only did the trial court grant the continuance, it sua sponte extended the trial date twice, to a date over a year after the initially set trial date. During that time, in October 2020, Campbell responded to counsel's inquiry regarding deposition dates, but he could not schedule the deposition at her requested time.[9]

---

[7]*Cf. Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782, at *3 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.) (holding, in a dismissal grounded upon a trial-court letter allowing dismissal under Rule 165a(1) and (2) in addition to trial court's inherent authority, that "[b]ecause the dismissal order did not specify the grounds for dismissal, Appellants were required to address and negate all three possible independent dismissal grounds in their reinstatement motion and on appeal").

[8]Thus, the case had not been disposed of within the Texas Supreme Court's guidelines for disposition of cases. *See* Tex. R. Jud. Admin. 6.1(a)(1), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app.

[9]This court has recognized that a party cannot rely on the fact of the pandemic, alone, to justify delay or missing certain deadlines. *See, e.g., Ortiz v. Rodriguez*, No. 02-

18

Accordingly, although the record thus shows that the case had been pending for twenty-four months before dismissal, Campbell was inactive and unresponsive only for about six of those months: from October 2020 through April 2021. In fact, for the first year, even after firing her counsel, she was attempting to settle with the insurance company. On the other hand, Campbell did not conduct her own discovery and after October 2020, wholly failed to communicate with or respond to Hiesermann's counsel, resulting in her missing two scheduled depositions. Additionally, Campbell did not seek her own trial setting, and her six-month inactivity occurred in the face of a new and unextended trial setting for April 2021.

---

20-00388-CV, 2021 WL 4472623, at *4 (Tex. App.—Fort Worth Sept. 30, 2021, pet. denied) (mem. op.) ("Ortiz fails to explain how the pandemic affected his ability to timely serve the parties or to seek alternate service."); *W. Harwood 334B Land Tr. v. Clement*, No. 02-20-00216-CV, 2021 WL 1229973, at *8 (Tex. App.—Fort Worth Apr. 1, 2021, no pet.) (mem. op.) (holding that nothing in record showed pandemic hindered party's ability to take non-court-related steps to redeem property interest); *Jones v. White*, No. 02-20-00198-CV, 2020 WL 5666564, at *1 (Tex. App.—Fort Worth Sept. 24, 2020, no pet.) (mem. op.) ("[T]he fact of the pandemic, standing alone, is not a reasonable explanation for a missed appellate deadline."). But neither do we discount the impact of the COVID-19 pandemic on the courts. Not only may we judicially notice the numerous Texas Supreme Court emergency orders governing in-person court proceedings during this time, but we may also judicially notice the regional presiding judge's January 10, 2021 refusal to approve the local administrative district judge's recertification of an in-person operating plan for Tarrant County: http://access.tarrantcounty.com/content/dam/main/criminal-courts/Documents/RE-CERTIFICAITON.pdf.

Here, nothing in the record indicates that the trial court's sua sponte orders continuing the trial settings should be attributed to Campbell.

At the hearing on her reinstatement motion, Campbell informed the trial judge of her mental-health problems, contending that she had made a mistake in discharging her attorney and that she "didn't realize either how serious the deposition is." She was "completely overwhelmed" and "really didn't know what [she] was doing." The trial judge was able to view and judge Campbell's testimony regarding whether her reasons for her lack of responsiveness were reasonable. He was not required to rely solely on her conclusory assertions that her mental status rendered her unable to move forward with the case, especially in light of the suit's history. *Cf. Nguyen*, 2021 WL 3796082, at *10 (concluding that trial court was not required to believe counsel's reason for not responding to discovery in light of past conduct).[10] Accordingly, we conclude that the trial court did not abuse its discretion by granting Hiesermann's motion to dismiss and finding that Campbell had not shown good cause for reinstating the case. We therefore overrule Campbell's complaint about both.

## V. Additional Complaints

Campbell argues that the trial judge was biased against her and had predetermined the case's outcome. Campbell did not raise such a complaint in the trial court, nor has she pointed on appeal to any incurable conduct showing "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001); *Jacquot v. Coker*, No. 14-20-00123-

---

[10]Campbell did not preserve any complaint about the trial court's exclusion of her proffered medical records. *See* Tex. R. Evid. 103(a)(2) (requiring offer of proof when evidence is excluded unless content apparent from context).

CV, 2022 WL 1180138, at *11 (Tex. App.—Houston [14th Dist.] Apr. 21, 2022, no pet.) (mem. op. on reh'g). Accordingly, we overrule this argument.

Campbell also contends that her trial counsel was ineffective. But "[i]t is well established that the doctrine of ineffective assistance of counsel does not extend to . . . civil cases" in which a party does not have a constitutional or statutory right to counsel.[11] *E.g.*, *Burns v. White*, No. 14-20-00646-CV, 2022 WL 2311621, at *4 (Tex. App.—Houston [14th Dist.] June 28, 2022, no pet. h.) (mem. op.). Therefore, we overrule this argument as well.

## VI. Conclusion

Having overruled Campbell's appellate issues, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: August 18, 2022

---

[11]Moreover, part of Campbell's ineffectiveness argument is directed to alleged omissions that occurred while counsel did not represent her—after the trial court allowed counsel to withdraw and before he filed the reinstatement motion on Campbell's behalf.